## COMMONWEALTH vs. E. W. WHITMAN.

Worcester.    October 5.— 21, 1875.    WELLS & AMES, JJ., absent.

A complaint on the St. of 1869, c. 344, § 1, alleged that the defendant, at a time and place named, "having the charge or custody of a certain animal, to wit, a cow, did then and there cruelly torture and torment said cow by then and there cruelly beating, bruising and wounding said cow." *Held,* that the words "having the charge or custody of" might be rejected as surplusage, and that then the offence was properly and sufficiently alleged. *Held, also,* that the animal was sufficiently described. In a complaint on the St. of 1869, c. 344, § 1, charging the defendant with cruelly torturing and tormenting an animal by cruelly beating, bruising and wounding it, it is not necessary to allege the ownership of the animal or that the cruelty was unnecessary.

COMPLAINT, on the St. of 1869, c. 344, § 1, to the First District Court of Eastern Worcester, averring, in the first count, that E. W. Whitman of Westboro, in the county of Worcester, on August 12, 1874, " at said Westboro, having the charge or custody of a certain animal, to wit, a cow, did then and there cruelly torture and mutilate said cow, by then and there beating, bruising, cutting and wounding said cow, and did then and there unnecessarily fail to provide proper food and drink for said cow."

The second count averred that the said E. W. Whitman, on August 12, 1874, " at Westboro, in the county of Worcester, having the charge or custody of another certain animal, to wit, a cow, did then and there cruelly torture and torment said cow, by then and there cruelly beating, bruising and wounding said cow."

The third count averred that the said E. W. Whitman, on August 12, 1874, " at Westboro, in said county, having the charge or custody of a certain other animal, to wit, a cow, did then and there cruelly torture and torment said cow, by then and there cruelly beating, bruising and wounding said cow."

The defendant moved to quash the several counts of the complaint on the following grounds :

" 1. Because the first count charges two separate and distinct offences.    2. Because each of said counts is indefinite, in that each count charges that the defendant had the charge or custody of a certain animal, which charge should not be in the alternative.    3. Because each count alleges cruelty to an animal, to wit,

a cow, without any allegation of ownership, or other description or identification. 4. Because each count of the complaint, while charging the defendant with having the charge or custody of an animal, fails to allege that the cruelty charged was unnecessary. 5. Because there is no allegation in any of said counts rendering it certain whether the defendant was in the charge or custody of said animal, as owner, or in some other capacity."

This motion was allowed as to the first count and overruled as to the rest. The defendant was adjudged guilty of the offence charged, and appealed to the Superior Court, where, before the jury were empanelled, he renewed the said motion. *Bacon,* J., ordered the first count in the complaint to be quashed, and overruled the motion as to the second and third counts. The defendant was tried and found guilty ; and alleged exceptions.

*A. G. Biscoe,* for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth.

COLT, J. The defendant was convicted upon the second and third counts in this complaint. Those counts sufficiently and properly allege the offence described in the first clause of the first section of the statute for the prevention of cruelty to animals. St. 1869. *c.* 344. The defendant is indeed described as having the charge or custody of the animal upon which the cruelty was inflicted, but under this clause of the statute this statement in the complaint is not material, nor is it by its form made essentially descriptive of the offence. The act of cruelty committed by any one, without regard to the ownership or custody of the animal, is made an offence. The last part of the section provides for the offence of unnecessary cruelty or unnecessary failure to provide food, drink or shelter, chargeable to the person having the charge or custody of any animal. That is not the offence here charged.

The words "having the charge or custody" of the animal named are to be regarded as surplusage, and do not render these counts indefinite. Nor was it necessary to allege the ownership or otherwise describe the animal, or to charge that the cruelty was unnecessary. *Commonwealth* v. *McClellan,* 101 Mass. 34. *Commonwealth* v. *Lufkin,* 7 Allen, 579.

*Exceptions overruled.*