## STATE *vs.* GREENLIEF HASKELL.

### Kennebec.   Opinion August 6, 1884.

*Cruelty to animals.   Complaint.   Demurrer.   Pleadings.*

A count in a complaint, is not bad for duplicity because it alleges that the defendant "did cruelly torment, torture, maim, beat, and wound his horse, and deprive said horse of necessary sustenance;" only one offense is alleged, and the different descriptions of it are not repugnant.

The words in the same count, "and the said defendant did then and there fail to provide said horse with proper food, drink and shelter," imply another and distinct offense, but may be rejected as surplusage, this statutory offense being inadequately charged, for want of allegation that the defendant at the time had "the care and custody" of the animal.

ON exceptions from superior court.

Complaint for cruelty to animals made before the municipal court of Augusta where the respondent appealed from the decision of the municipal judge.

The opinion states the case.

*Wm. T. Haines,* county attorney, for the state, cited: *Com.* v. *Lufkin,* 7 Allen, 579; *Com.* v. *Thornton,* 113 Mass. 457;

*Com.* v. *McLellan*, 101 Mass. 34; *Com.* v. *Whitman*, 118 Mass. 458.

*E. W. Whitehouse*, for the defendant, cited: Bishop, Crim. Pro. § § 189–193; *State* v. *Burgess*, 40 Maine, 592; *State* v. *Smith*, 61 Maine, 386; *Com.* v. *Tuck*, 20 Pick. 356; *State* v. *Hood*, 51 Maine, 363; *Com.* v. *Holmes*, 119 Mass. 195.

PETERS, C. J. The complaint containing a single count, is demurred to for duplicity. It is contended that at least two offenses are set out in the one count. The complaint recounts that the defendant did, a horse belonging to himself, "cruelly and unlawfully torment, torture, maim, beat, wound, and deprive of necessary sustenance." Thus far the complaint is not amenable to the objection alleged. Thus far only one offense is charged. But it is alleged to have been accomplished by different means. Proof that any of the means were used proves the offense. Proof that all the means described were used proves no more. The penalty is not necessarily more in the one case than in the other. *State* v. *Lang*, 63 Maine, 215.

The means alleged should not be repugnant. It is objectionable to allege in one count that an offense was committed in two different and utterly inconsistent ways. The count should not charge an impossibility. 1 Bish. Crim. Proc. § 436. The count, so far as quoted, is not repugnant. It is not unnatural or inconsistent to say that all of the acts thus alleged were done to the horse at the same time.

The complaint, however, further recites that the respondent did then and there " fail to provide said horse with proper food, drink and shelter." These words, no doubt, are employed to charge another and distinct offense. The first clause of § 29, c. 124, R. S., describes one offense, and the second clause another. One offense implies an act done; the other an act omitted. One clause makes *any* person liable to punishment who cruelly illtreats an animal in any of certain ways named. The other clause makes only the person " who has the charge and custody " of the animal liable for an unnecessary failure to provide for his wants. *Com* v. *Whitman*, 118 Mass. 458.

The complaint, therefore, would be bad for duplicity if the two offenses were completely alleged. But the offense lastly described is not adequately alleged. It lacks the necessary averment that the respondent had "the charge and custody" of the animal. It is not an offense to neglect to feed an animal, if the person complained of has not the charge and custody of such animal. A count charging two offenses is not double, if one is adequately and the other inadequately alleged. The latter allegation may be rejected as surplusage. *State* v. *Palmer*, 35 Maine, 9.

*Exceptions overruled.*

WALTON, DANFORTH, LIBBEY, EMERY and FOSTER, JJ., concurred.