## STATE OF MINNESOTA *vs.* JOHN FRIEND.

### December 7, 1891.

Larceny—Indictment—Common-Law Form.—The common-law form of indictment for larceny is proper in the class of cases first specified in subdivision 1, § 415, Penal Code, and sufficient to admit proof of the, felonious taking of personal property from the possession of the true owner or any other person.

Same—Description of Property.—A description of property stolen as "one mare, the property of G. W., of the value," etc., *held* sufficient.

Case certified from the district court for Traverse county, where defendant's demurrer to the indictment was overruled by *C. L. Brown,* J.

*A. S. Crossfield,* for appellant.

*Moses E. Clapp,* Attorney General, and *John Bohmbeck,* for the State.

VANDERBURGH, J. The indictment accuses the defendant of the crime of grand larceny in the second degree, and charges the commission of the alleged offence as follows: "The said John Friend, at the town of Taylor, in the county of Traverse and state of Minnesota, with a felonious intent to deprive the true owner, George E. Warriner, of his property, namely, one mare, and appropriate the said personal property to the use of the said John Friend, did then and there, with felonious intent aforesaid, wilfully, unlawfully, and feloniously take, steal, and carry away the said one mare, the personal property of the said George E. Warriner, which said mare was then and there of the value," etc. A demurrer to the indictment was overruled, and the case was certified to this court for its opinion as to the sufficiency of the indictment in respect to the description of the property, and, as alleged, in not charging the larceny to have been committed in one of the ways, or some of the specific acts, mentioned in section 415, Penal Code.

1. The term used to designate the property stolen is a sufficient description thereof. It is well known and in common use, and is

v.47M.—29

also sufficiently definite and particular for the purposes of the indictment. 2 Bish. Crim. Proc. § 700; 2 Archb. Crim. Pr. 347.

2. Section 415, Penal Code, declares that certain acts therein set forth, with the intent stated, shall constitute the offence of larceny; and enlarges the definition of this term, by including other kindred offences against property, some, if not all, of which in practice required a different form of indictment and different proof on the trial. The offence is committed when a person with such intent takes from the possession of the true owner, or of any other person, any money, personal property, etc.; or (2) obtains it from such possession by color or aid of fraudulent or false pretences, or of any false token or writing; or (3) secretes, withholds, or appropriates it to his own use, or that of any person other than the true owner; and (4) there is included under the second division of the section the case of the misappropriation of such property, with a like intent, by persons occupying fiduciary or semi-fiduciary relations. Here, then, we find false pretences and embezzlement as well as what was previously known as larceny at the common law. More particular specifications appear in the following sections, defining the grades of the offence. In this case we have to deal with a charge of the felonious taking of property under an indictment for larceny which would have been good at the common law or under the General Statutes, and upon the trial of such indictment the acts stated in the first specification above referred to could always have been proved. The word "take" has a definite and well-understood signification in connection with the offence of larceny, and implies a trespass; and the averment, "did wrongfully and feloniously take, steal, and carry away," involves the possession, and the wrongful taking of the property from the actual or constructive possession, of the owner, general or special, and without his consent. 2 Bish. Crim. Law, § 823, et seq.

Under the second specification, however, where property is obtained by false pretences, an indictment in this form would be insufficient to admit proof of the facts necessary to establish the offence. But the objection would lie, not to the form of the indictment, but to the admission of the evidence under it. A similar construction is given

to the same section in the New York Penal Code, in *People* v. *Dumar*, 106 N. Y. 502, 509, (13 N. E. Rep. 325.)

Order affirmed, and case remanded for trial.