# STATE OF MINNESOTA *vs.* C. L. COMINGS.

Submitted on briefs May 10, 1893. Decided July 31, 1893.

**An Indictment Examined and Construed.**

The indictment in this case *held* to state facts sufficient to constitute the offense of grand larceny in the first degree, under Pen. Code, § 415, subd. 2. An averment of a demand of the property is unnecessary in connection with the charge of the unlawful conversion; and the use of the superfluous words, "steal and carry away," in the indictment, does not subject it to the objection that it states two offenses.

**Defective Copy of Indictment Served on Arraignment—Remedy.**

Where a defective copy of the indictment is served upon the defendant at the time of his arraignment, he is entitled to a second arraignment; but where, having knowledge of the defect, he pleads to the indictment, and waits till after the jury is sworn before raising the objection, *held*, that his motion to dismiss the action on this ground should be denied.

Upon the trial of C. L. Comings in the District Court of Polk County, *Ira B. Mills, J.,* he was convicted December 17, 1892, of grand larceny in the first degree, and questions of law arose which, in the opinion of the Judge, were so important and doubtful as to require the decision of this court. The defendant consenting, the Judge reported the case so far as was necessary to present the questions, and certified the report here. The indictment was in the following form:

"State of Minnesota, County of Polk, District Court. The State of Minnesota vs. C. L. Comings.

"C. L. Comings is accused by the grand jury of the County of Polk, by this indictment, of the crime of grand larceny in the first degree, committed as follows:

"The said C. L. Comings on the 22nd day of September, A. D. 1892, in the County of Polk and State of Minnesota, being then and there in possession, custody and control, as a person authorized by agreement to take, and hold possession, custody and control, of two car-loads of wheat containing 998 bushels of wheat, the same being then and there the property of one Richard E. White, and then and there worth and of the value of $598.80, said wheat being so held

by said C. L. Comings for shipment and storage only, in accordance with an agreement theretofore entered into by and between said C. L. Comings and said Richard E. White, did then and there unlawfully, willfully, feloniously and with intent to deprive *and defraud* the true owner of his said property, and of the use and benefit thereof, take, steal and carry away and convert and appropriate said wheat and the whole thereof to his own use, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Minnesota.

"Dated at Crookston in the County of Polk and State of Minnesota, this 9th day of December, A. D. 1892.

"OLE H. BÅNG, Foreman of the Grand Jury."

Defendant was arraigned December 9, 1892, and given what was supposed to be a copy of this indictment, but the words "*and defraud*," in italics above, were omitted. Before the trial, defendant claimed that the indictment contained two distinct and different charges, and he moved the court for an order requiring the State to elect which it would prosecute. The motion was denied and he excepted to the ruling. He then moved to be discharged on the ground that the indictment fails to state facts sufficient to constitute a public offense. This motion was also denied and he excepted. After the trial was begun and some evidence given, he moved the court to be discharged on the ground that he was not properly arraigned, and specified the omission in the copy indictment served. This motion was denied, and he excepted. On the trial it was proven that defendant received of Richard E. White, the owner, the wheat mentioned in the indictment, under an agreement with White that he should ship it to Freeman Milling Company of West Superior, Wis.; that he did not do so, but shipped it elsewhere, and sold it, and used the proceeds. No demand of the wheat had been made by the owner upon the defendant before the indictment was found. He moved the court to be discharged on this ground. After the jury had returned a verdict of guilty as charged in the indictment, defendant moved in arrest of judgment upon the same grounds before stated, and the court again ruled as before, and he excepted.

*A. C. Wilkinson* and *Bangs & Fisk*, for defendant.

The defendant contends that the indictment charges, or attempts to charge, two separate offenses; one being that of the common-law offense of larceny, by the taking, stealing and carrying away the property with intent to deprive the true owner thereof. The other, the offense known at common law as that of embezzlement, the defendant, being in possession and control, as a person authorized by agreement, did unlawfully, willfully and feloniously, and with intent to defraud the true owner of his property, convert and appropriate the same to his own use. Larceny, under the Penal Code, may be committed in several different ways, and the punishment is according to degree, but the indictment must charge the commission of the offense in one of several ways only. *State* v. *Henn*, 39 Minn. 464; *People* v. *Dumar*, 106 N. Y. 502; *State* v. *New*, 22 Minn. 76; *State* v. *Friend*, 47 Minn. 449; *People* v. *Dimick*, 107 N. Y. 13; *State* v. *Coon*, 14 Minn. 456, (Gil. 340;) *Chute* v. *State*, 19 Minn. 271, (Gil. 230.)

The indictment charges two separate offenses in one count, if it charges anything, and the State should have been compelled to elect which charge it would prosecute. *State* v. *Johnson*, 23 Minn. 569; 1 Bishop, Crim. Proc. § 425; *State* v. *Fidment*, 35 Iowa, 541.

The indictment does not state sufficient facts to constitute an offense, for the reason that there is no statement charging this defendant with being the attorney, clerk, agent or servant, or person connected with the alleged owner of the property, in any fiduciary capacity so as to make the defendant liable to said owner without a demand for settlement, but on the contrary, the very words of the indictment imply that before there can be any liability on the part of the defendant, a demand should be made, and a refusal or neglect of the defendant to comply with that demand. *State* v. *Coon*, 14 Minn. 456, (Gil. 340;) *State* v. *Munch*, 22 Minn. 67; *Commonwealth* v. *Cullen*, 111 Mass. 435.

The indictment fails to charge in ordinary and concise language that the defendant willfully, unlawfully, feloniously and fraudulently embezzled and converted any property to his own use without the consent of the owner, or that he did it, either willfully, unlawfully, feloniously or fraudulently. The only charge of any

unlawful, willful and felonious intent on the part of the defendant, is contained in the charge that he "did take, steal and carry away said wheat," which charge is negatived on the face of the indictment by the statement that the defendant was acting under and by virtue of a contract, when the property came into his possession. There is no sufficient description of the property or its value; 998 bushels of wheat, is indefinite and uncertain. The charge contains no description of the kind of wheat or the quality or the grade thereof, nor its value per bushel, but simply refers to it as wheat, being of the value in a lump sum of $598.80. There is no description of the cars in which the wheat was contained or stored, by number or otherwise. There is no such particularity in the description as would protect the defendant from another prosecution for the larceny of the same property. *State* v. *Hinckley,* 4 Minn. 345, (Gil. 261;) *State* v. *Morey,* 2 Wis. 494; *State* v. *Brown,* 12 Minn. 490, (Gil. 393;) *State* v. *Henn,* 39 Minn. 464; *People* v. *Dumar,* 106 N. Y. 502.

The court erred in denying defendant's motion to dismiss the action and discharge him on the ground that he had not been furnished with a correct copy of the indictment.

It is this copy that informs him of the charge that he is required to plead against, and when he enters his plea he enters it against the charge contained in the paper handed to him for his information, and failing a complete compliance with the provisions of the statute by the delivery of a copy of the indictment to the defendant there is no arraignment, and no issue presented to the court for trial; and even though the objection is not taken until after verdict, it is good when taken, and the proceedings a nullity. *Davis* v. *State,* 38 Wis. 487; *Douglass* v. *State,* 3 Wis. 820.

*H. W. Childs,* Attorney General, and *Geo. B. Edgerton,* his assistant, for the State.

By Penal Code, § 415, subd. 1, the property that is the subject of the larceny must be taken from the possession of some one other than the defendant, or when he has obtained possession in a manner different from that stated in subdivision two, and that in order to constitute the offense described in subdivision two, the property

which is the subject of larceny must be in the possession of the defendant and be the property of some one else. This appears to have been the intention of the legislature in passing this law, and is the only reasonable construction that can be placed upon the law.

The indictment in this case fully sets forth the offense of grand larceny in the first degree as defined by Penal Code, § 415, subd. 2. If the indictment is held to be bad for the reason that it states an offense as defined by subdivision one, then it is pertinent to inquire how can an indictment be drawn under subdivision two without its being subject to the same objection that it also describes an offense committed under subdivision one. Since the adoption of the Penal Code the offense of larceny must be held to be as defined therein and the offense of embezzlement no longer exists in this State, but is made grand larceny under this section. Consequently we must ascertain whether two separate offenses are described in the indictment under said section. We admit that one offense set forth is defined in section 415 committed in the manner described in subdivision 2 thereof. It is set forth in the indictment in the language of subdivision 2 that the property was in the possession of the defendant, and was taken and appropriated to defendant's use with intent to deprive the true owner of his property, and of the use and benefit thereof.

If two separate offenses are set forth in one count in this indictment, the State should have been compelled to elect which charge it would prosecute, but as we have already stated but one offense was set forth in the indictment; consequently there could be no election between separate charges.

There is no dispute on the part of the State that the offense intended to be charged in the indictment was what was known as embezzlement under the common law, but made larceny by the Penal Code of this State, committed in the manner described in subdivision two of section 415. It is in the very language of the statute setting forth that the possession was in a person authorized by agreement, to hold and take possession of said property, and nothing more was necessary than a statement in the indictment that the defendant was a person authorized by agreement to hold and take possession of the property.

Now, as to the question of demand, there is no doubt that if the

defendant had held the property according to the agreement, and had not unlawfully appropriated it to his own use, a demand and refusal would have been necessary in order to constitute a public offense; but inasmuch as the defendant had unlawfully taken the property, and appropriated it to his own use, the offense was complete and a demand was unnecessary. *State* v. *New*, 22 Minn. 80.

The property which was the subject of the larceny, is sufficiently described. The indictment charges that the property was 998 bushels of wheat, of the value of $598.80. If this description of the property in this case is not sufficient, it would be almost impossible to secure the conviction of any warehouseman or elevator man, who appropriates wheat stored with him, on account of the inability of the owner to fix the grade with certainty.

The court did not err in denying defendant's motion to dismiss the action on the ground that he had not been furnished with a true copy of the indictment. The omitted words were immaterial and did not alter or qualify the offense charged. Besides, the motion was too late.

VANDERBURGH, J. The defendant was indicted for the offense of grand larceny in the first degree. It is objected that the indictment fails to state facts sufficient to constitute an offense, and also that it charges two separate offenses in one count. Though not a model in form, we are of the opinion that the objections were properly overruled. The facts stated bring the case within the provisions of the Penal Code, § 415, subd. 2. The defendant is shown to have been lawfully in the possession of the property as bailee under a contract for shipment and storage. It was not a case of larceny at the common law, and the fact that several terms or formal words are injected into the indictment which are used in indictments for larceny at the common law, and which may be rejected as surplusage, does not change the nature of the case as it essentially appears upon the facts stated, or bring it within the provisions of subdivision 1 of that section. The relations which defendant sustained to White were in their nature fiduciary, and necessarily bring the case within subdivision 2, in connection with the appropriate allegations of the wrongful conversion of the property. *State* v. *Friend*, 47 Minn. 450, (50 N. W. Rep. 692.) It was not necessary

to aver a demand of the property in addition to the fact of an actual wrongful conversion, nor to prove it, unless it was necessary in order to establish the conversion. *State* v. *New,* 22 Minn. 80.

The only other assignment of error deemed important or necessary to consider is the effect of the omission of certain words in the copy of the indictment delivered to the defendant when he was arraigned, the objection being that the copy served was not a true copy of the original. After the case was called, and the jury were sworn, the defendant moved to dismiss the action, and discharge the defendant on this ground. The defendant had, before the jury were sworn, moved to dismiss on the ground of the insufficiency of the indictment; and it was not made to appear in his affidavit on which he based his motion at what time he first learned of the omission complained of. If the motion had been made sooner, the error might have been corrected by a new arraignment. As it is, the objection was too late, and the motion was properly denied. And besides, the defendant was not prejudiced in the least, because the words omitted were entirely immaterial and unnecessary in this indictment. The omission was of the words "and defraud" after the word "deprive." The statute (section 415) reads: "A person who with the intent to deprive or defraud the true owner," etc. It is manifest that the omitted words were not essential in this indictment, which alleges a willful and felonious misappropriation and conversion of the property. The court ruled correctly on all the points submitted, and the case will be remanded for further proceedings in the District Court.

(Opinion published 56 N. W. Rep. 50.)