### STATE v. GEORGE DARDEN et al.

*Indictment for Larceny—Stealing Temporary Use of Horse—Indictment—Harmless Surplusage—Practice.*

1. A bill of indictment is not vitiated by the use of superfluous words ; hence,

2. An indictment for stealing the temporary use of a horse in violation of Section 1067 of *The Code*, is not defective because it charges the stealing of the temporary use of a buggy also.

3. Where sufficient matter appears on the face of a bill of indictment to enable the court to proceed to judgment, an arrest of judgment is forbidden by Section 1183 of *The Code*.

INDICTMENT under Section 1067, of *The Code*, for the stealing of the temporary use of a horse, tried before *McIver, J.*, at Fall Term, 1895, of PITT Superior Court. The defendants were convicted and appealed. The facts are stated in the opinion of Associate Justice CLARK.

*The Attorney General*, for the State.
*Mr. J. B. Batchelor*, for defendants (appellants).

CLARK, J.: The defendants were found guilty on a charge of stealing the temporary use of a horse and buggy. *Code*, Sec. 1067. After verdict there was a motion in arrest of judgment for "Defects in the face of the indictment." The indictment on its face is good and sufficient as a charge for stealing the temporary use of the horse. The addition of the buggy does not vitiate the indictment as to the horse, and was simply harmless surplusage so far as the face of the indictment goes. *Utile per inutile non vitiatur.* The defendants were not harmed if the Judge charged properly. The presumption is that he did, and there is no exception that he did not. If there had been any doubt, upon the evidence, that the defendants did not steal the horse, but only took the buggy, if anything, then

the defendant's remedy was by a request to charge that in such event the jury should find the defendants not guilty, or if the Judge had charged that if the defendants had stolen either the horse or buggy they would be guilty, there would have been ground for just exception. But nothing of this kind appears. The verdict finds defendants guilty of taking both horse and buggy, as alleged in the indictment. It is simply the case of a sufficient bill of indictment which is not vitiated because of the use of superfluous words. *State* v. *Hart*, 116 N. C., 976. "Sufficient matter appears in the bill to enable the court to proceed to judgment" and when that is the case *The Code*, Sec. 1183, forbids an arrest of judgment.

No Error.