STATE v. OLE E. HOLTON.[1]

December 26, 1902.

Nos. 13,356—(276).

**Larceny—Indictment.**

In an indictment for larceny by a bailee, it is necessary to allege the name of the bailor, and in concise terms the purpose or use for which the property was intrusted to the defendant; for this is an essential ultimate fact, which must be proven in order to sustain the indictment.

**Second Indictment.**

After a jury was impaneled for the trial of the defendant on an indictment for larceny by a bailee, the courts sustained his objection to any

[1] Reported in 92 N. W. 541.

evidence on the part of the state, for the reason that the indictment did not allege facts constituting a public offense, and dismissed the indictment without directing that the case be submitted to another grand jury. *Held*, that this was not a bar to a second indictment for the same offense.

Defendant, having been indicted in the district court for Olmsted county of the crime of grand larceny in the second degree, entered a plea of former jeopardy, to which plea the state interposed a general demurrer. The case was heard before Snow, J., who made an order sustaining the demurrer, and at defendant's request certified to the supreme court for its determination the questions stated in the opinion. Order affirmed.

*Thomas Fraser*, County Attorney, for the State.

*Thomas Spillane*, for defendant.

START, C. J.

On December 12, 1901, the grand jury returned to the district court of the county of Olmsted an indictment against the defendant, accusing him of the crime of grand larceny in the second degree, in that he feloniously appropriated to his own use certain money in his possession as bailee, with intent to deprive the owner thereof, naming him. The name of the bailor was not alleged in the indictment, nor any fact showing that the defendant was a bailee of the money. The defendant pleaded not guilty, and a jury was impaneled and sworn to try the cause. A witness was called by the state and sworn, when the defendant objected to any evidence being given in the case because the indictment did not state a public offense. The objection was sustained, and the state was not permitted to give any evidence in support of the indictment. The defendant then moved the court to instruct the jury to return a verdict of not guilty. This the court denied, the defendant excepting, and dismissed the indictment, discharged the defendant, and exonerated his bail. The court did not direct the case to be resubmitted to the same or another grand jury.

At the next general term of the court, and on June 18, 1902, the grand jury returned into court another indictment against the defendant for the larceny of the same money, which duly alleged the name of the bailor and facts showing that the defendant was

a bailee of the money. When called upon to plead to this last indictment, he tendered the plea of former jeopardy, alleging the foregoing facts. The state interposed a general demurrer to the plea, and the court sustained it. In doing so the court passed upon, and decided adversely to the defendant, these questions:

"1. Did the former indictment state facts sufficient to constitute a public offense?

2. If it did, is defendant now precluded, nevertheless, from asserting its sufficiency in support of his plea of former jeopardy, by his objection under it on the ground of its alleged insufficiency, by the ruling in his favor on the objection, and by the consequent discharge of the jury without verdict, the dismissal of said former indictment, and the discharge of defendant therefrom?

3. Is the second indictment barred by reason of the fact that the court, on holding the former indictment bad, omitted to order a resubmission of the case to a subsequent grand jury?"

Thereupon the district court duly certified the questions to this court for its decision, pursuant to G. S. 1894, § 7395.

1. Did the former indictment state facts sufficient to constitute a public offense? We answer the question in the negative, for it attempted to charge the defendant with larceny as a bailee, as, defined in G. S. 1894, § 6709, but failed to allege any facts from which the conclusion would follow that the money. which he appropriated to his own use was in his possession as a bailee. In an indictment for larceny by a bailee, it is not necessary to allege mere evidentiary facts; but it is necessary to allege the name of the bailor, and in concise terms the purpose or use for which the property was intrusted to the defendant, for this is an essential ultimate fact, which must be proven in order to sustain the indictment. Wharton, Cr. Law (10th Ed.) § 1061; McClain, Cr. Law, § 654; State v. Mims, 26 Minn. 191, 2 N. W. 492; State v. Griffith, 45. Kan. 142, 25 Pac. 616; People v. Poggi, 19 Cal. 600.

2. Our answer to the first question renders the second one immaterial. Hence it is not necessary to discuss or answer it.

3. We also answer the third question in the negative. The defendant in a criminal case may demur to the indictment, and upon considering the demurrer the court must give judgment, either allowing or disallowing it. If it is allowed, the judgment is

final, and a bar to another prosecution for the same offense, unless the court allows an amendment, where the defendant will not be unjustly prejudiced thereby, or, being of opinion that the objection on which the demurrer is allowed may be avoided in a new indictment, directs the case to be resubmitted to the same or another grand jury. G. S. 1894, §§ 7295–7297. That is, if the defendant demurs, and the demurrer is allowed, there is a final judgment in the case in his favor, which is a bar to any further prosecution, unless the court decides to allow an amendment to the original indictment or to resubmit the case to the grand jury, to the end that the defects in the original may be avoided by a new indictment. It is such a final judgment which is a bar to another prosecution for the same offense.

But where the defendant raises the question of the sufficiency of the indictment at the trial, and the court correctly holds that it does not state facts constituting a public offense, and, as in this case, dismisses the indictment, there is and can be no final judgment, and the provisions of the statute as to the effect of the failure of the court to allow an amendment, or to direct the resubmission of the case to the same or another grand jury, has no application. If the defendant was formerly acquitted on the ground of a variance between the indictment and the proof, or the indictment was dismissed upon an objection to its form or substance, without a judgment of acquittal, it is not an acquittal of the same offense. When, however, he was acquitted on the merits, he is deemed acquitted of the same offense, notwithstanding a defect in the form or substance in the indictment on which he was acquitted. G. S. 1894, §§ 7309, 7310.

This case falls within the foregoing statutory provisions; for the first indictment was dismissed for a defect in substance, without any acquittal on the merits or otherwise. It follows that the facts alleged in the defendant's plea do not show a former conviction, acquittal, or jeopardy.

Order affirmed.