STATE v. THEODORE SCHOEMPERLEN.[1]

April 12, 1907.

Nos. 15,142—(16).

**Larceny—Indictment.**

> In an indictment for larceny by a bailee, it is necessary to allege the name of the bailor, and in concise terms the purpose or use for which the property was intrusted to the defendant, for this is an essential ultimate ,fact, which must be proven in order to sustain the indictment. State v. Holton, 88 Minn. 171, followed and approved.

Defendant was convicted in the district court for Lyon county of the crime of grand larceny in the second degree and upon his request under R. L. 1905, § 5409, the case was certified to the supreme court by Olsen, J. Reversed.

*Edward T. Young,* Attorney General, *George T. Simpson,* Assistant Attorney General, and *N. J. Robinson,* County Attorney, for the State.

*Patterson & Hall,* for defendant.

JAGGARD, J.

The indictment charged that the defendant at a time and place mentioned, having in his possession, custody, and control as bailee of named persons, certain described personal property of specified value, the property of named persons, converted and appropriated the same to his own use. On trial defendant objected to the introduction of any testimony on behalf of the state on the ground that the indictment did not state facts sufficient to constitute a public offense, in that it did not state the purpose or use for which the property was intrusted to the defendant. The objection was overruled, and exception taken. After trial, the jury returned a verdict of guilty. The court sentenced the prisoner, and afterwards certified the case to this court.

It was distinctly held in State v. Holton, 88 Minn. 171, 92 N. W. 541, that "in an indictment for larceny by a bailee it is not necessary to allege mere evidentiary facts, but it is necessary to allege the name

[1]Reported in 111 N. W. 577.

of the bailor, and in concise terms the purpose or use for which the property was intrusted to the defendant, for this is an essential ultimate fact which must be proven in order to sustain the indictment." It is true that a contrary conclusion was reached in State v. Barry, 77 Minn. 128, 79 N. W. 656. State v. Holton overruled that case, and determined the law on this point in this state. It follows that the trial court should have granted defendant's motion for arrest of judgment on the ground that the indictment failed to charge a public offense.

Reversed.