[No. 13054. Department One. February 17, 1916.]

THE STATE OF WASHINGTON, *Respondent*, v. H. L. SANFORD, *Appellant*.[1]

PHYSICIANS AND SURGEONS—PRACTICING WITHOUT CERTIFICATE—INFORMATION. Under Rem. & Bal. Code, § 8386, making it unlawful to treat the sick without having a certificate authorizing the practice of (1) medicine, (2) osteopathy, or (3) any other system of treating the sick, an information charging the practicing of medicine and the treatment of the sick by the chiropractic method without having a certificate in any form, alleges facts sufficient to constitute the statutory offense, without stating which one of the three certificates provided for by law the accused should have had.

SAME. An information under said section charging the unlawful practice in K. county, without alleging the residence of the accused, is sufficient, even though the statute authorizes the holder of a certificate to record it in the county of his residence and thereupon practice in any other county of the state; since practice in K. county without any certificate constitutes the offense.

SAME—PRACTICE WITHOUT AUTHORITY—INFORMATION—DUPLICITY—SUFFICIENCY. Although Rem. & Bal. Code, § 8395, makes it an offense to practice medicine without having a certificate recorded in the county in which he is practicing, which must be recorded anew upon any change of residence, and § 8400 making it an offense to practice without having a certificate, an information is not duplicitous in that it charges the offense of practicing without having the certificate recorded and also the offense of practicing without having a certificate, where it does not state sufficient facts to charge a complete offense of practicing without recording the certificate in the county of his residence; since its allegations in that respect, being insufficient to sustain a conviction, may be rejected as surplusage.

Appeal from a judgment of the superior court for King county, Ronald, J., entered May 8, 1915, upon a trial and conviction of practicing medicine without a license. Affirmed.

*Willett & Oleson* and *Morris & Hartwell*, for appellant.

*Alfred H. Lundin*, *Frank P. Helsell*, and *Joseph A. Barto*, for respondent.

[1]Reported in 154 Pac. 1114.

FULLERTON, J.—The appellant was convicted of the offense of practicing medicine without a license. The questions suggested for reversal are all based upon the information, which, omitting the caption and conclusion, reads as follows:

"I, John F. Murphy, prosecuting attorney in and for the county of King, state of Washington, come now here in the name of and by the authority of the state of Washington, and by this information do accuse H. L. Sanford of the crime of practicing medicine without a license, committed as follows, to wit:

"He, said H. L. Sanford, in the county of King and state of Washington, on the 17th day of November, 1914, did then and there, wilfully and unlawfully practice and attempt to practice and hold himself out as practicing medicine and treating the sick and afflicted by the chiropractic method, and then and there advertising that he would treat the sick and afflicted in said county and state by said method, and that then and there by said chiropractic method treating and attempting to treat one Mary B. Fox as sick and afflicted and by diagnosing and pretending to diagnose the affliction of said Mary B. Fox and by said chiropractic method then and there treating the said Mary B. Fox as a sick and afflicted person, for which treatment he, said H. L. Sanford, charged said Mary B. Fox the sum of two dollars ($2) therefor, all without having at the time of so doing a valid, unrevoked certificate from the state board of medical examiners authorizing him to treat the sick and afflicted in the county of King and state of Washington, and without having any such certificate recorded in the office of the county clerk of King county, state of Washington, contrary to the statute in such case made and provided and against the peace and dignity of the state of Washington."

The statutes of this state regulating the practice of treating the sick or afflicted creates a board of medical examiners, and gives such board authority to issue certificates to persons entitled to practice any of the lawful systems or modes of so doing. Three forms of certificates are provided for; first, a certificate authorizing the holder thereof to practice medicine and surgery; second, a certificate authorizing the

holder thereof to practice osteopathy; and third, "a certificate authorizing the holder thereof to practice any other system or mode of treating the sick or afflicted not referred to in this section." Rem. & Bal. Code, § 8386 *et seq.* (P. C. 333 § 1). By § 8400 (P. C. 333 § 27) it is made a misdemeanor for any person to practice, attempt to practice, or to hold himself out as practicing, medicine and surgery, osteopathy, or any other system or mode of treating the sick or afflicted, without having, at the time of so doing, a valid unrevoked certificate issued to him by the board of medical examiners.

It is the appellant's first contention that the information is fatally defective, "in that it does not state which one of the three certificates provided for by statute appellant should have had to enable him to do what the state undertook to charge him with having done, and also in not showing which of the three classifications provided for by the statute defendant came under." But it seems to us that an information may charge an offense under the statute without including either of these matters. The statute, while it may or may not prohibit a person holding one form of certificate from practicing a system or mode of treatment authorized by another, clearly prohibits a person holding no certificate at all from practicing, attempting to practice, or holding himself out to practice, any system or mode of treatment. An information, therefore, which charges a person with practicing a form of treatment of the sick and afflicted without having a certificate in any form authorizing him to treat the sick or afflicted states an offense under the statute, even though it does not state the particular form of certificate he should have possessed in order to entitle him to practice the particular system or mode of treatment he actually practiced. In our opinion, the information in the present case, while somewhat crude, is thus definite. In effect it charges the defendant with wilfully and unlawfully practicing, attempting to practice, and holding himself out as practicing

in the county of King, state of Washington, a system and mode of treating the sick and afflicted known as the chiropractic method, and with actually treating one Mary B. Fox, as sick and afflicted, by such chiropractic method, all without having, at the time of so doing, a valid unrevoked certificate from the state board of medical examiners authorizing him to treat the sick and afflicted in such county and state. Clearly it would not aid the understanding to include therein a statement of the character of certificate the appellant should have possessed in order to entitle him to practice the system or mode of treatment he attempted to practice, or to state under which of the three classifications provided for by statute a person would fall who practiced the system or mode of treatment employed by the defendant.

Again, it is said that the information is fatally defective because it does not allege that the defendant is a resident of King county. In support of this, it is argued that it is sufficient for the holder of a certificate to record it in the county of his residence in order to entitle him to practice his profession in any county of the state, and that the information, inasmuch as it fails to allege the residence of the defendant, does not negative the idea that his practice in King county was lawful. But, as we say, the allegation is that he practiced in King county without having a certificate authorizing him to practice in that county. It may be that, in order to convict the defendant of unlawfully practicing in King county without a certificate, the state would be obligated to show that he had no certificate entitling him to practice in any county of the state, but this fact does not render the allegation insufficient. If he practiced in King county without right he was guilty of an offense under the statute, and an information which charges him with so doing charges an offense.

Section 8395 (P. C. 333 § 17) of the statute makes it an offense for any person holding a certificate entitling him to practice the medical profession in any of its forms to so

practice without having the certificate recorded in the county in which he is practicing; further providing that, on each change of residence, he must have the certificate recorded anew in the county to which the change is made; while § 8400 (P. C. 333 § 27), as we have noted, makes it an offense to practice without having such a certificate. The appellant, construing the first of the cited sections to require a recording only in the county of the residence of the practitioner, contends that the information is duplicitous in that it charges the offense of practicing without having his certificate recorded, and also the offense of practicing without a certificate. But while the information contains language applicable to the offense of practicing without having a recorded certificate, it manifestly does not state sufficient facts to charge a complete offense in that respect. In other words, the defendant could not, on this information, have been legally convicted of practicing his profession without having his certificate authorizing him to so practice recorded in the county of his residence. To constitute duplicity the information must charge two complete offenses. If it charges one complete offense and states facts which incompletely describe another offense, the latter statements do not vitiate the information, but may be rejected as surplusage. *State v. Haskell*, 76 Me. 399; *State v. Comings*, 54 Minn. 359, 56 N. W. 50; *State v. Flanders*, 118 Mo. 227, 23 S. W. 1086; *People v. Casey*, 72 N. Y. 393; *State v. Darden*, 117 N. C. 697, 23 S. E. 106.

Our conclusion is that the judgment should stand affirmed. It is so ordered.

MORRIS, C. J., MOUNT, ELLIS, and CHADWICK, JJ., concur.