## STATE v. F. J. McCULLOUGH.[1]

November 6, 1923.

No. 23,638.

**Indictment defective because it omits to show fiduciary relation of accused.**
An indictment, under subdivision 2, § 8870, G. S. 1913, which fails to show the existence of a fiduciary relation of some sort between the accused and the owner of the property unlawfully appropriated, by virtue of which the accused was rightfully in possession or control of the property, is defective.

Defendant was indicted by the grand jury of Swift county charged with the crime of embezzlement. After being allowed to withdraw his plea of not guilty, defendant demurred to the indictment; the demurrer was overruled by Baker, J., who at the request of defendant certified to the supreme court the question raised by the demurrer. Reversed.

*E. S. Cary,* for defendant.

*Clifford L. Hilton,* Attorney General, and *G. A. Youngquist,* Assistant Attorney General, for the state.

[1]Reported in 195 N. W. 764.

Taylor, C.

The defendant was indicted for the crime of larceny as defined in the second subdivision of section 8870, G. S. 1913—the crime known as embezzlement under prior statutes.

The indictment charges that defendant was an officer of the Danvers Farmers State Bank, that as such officer he had in his possession, custody and control eight government bonds (described in detail) which bonds were the personal property of one Andrew Lye, and that he wilfully and feloniously appropriated said bonds and sold them without the knowledge or consent of said Lye, with intent to deprive and defraud said Lye of his property.

Defendant demurred to the indictment. The trial court disallowed the demurrer, and then, at the request of defendant, certified to this court the question raised thereunder.

In State v. Kortgaard, 62 Minn. 7, 12, 64 N. W. 51, it is said:

"The offense differs from common-law larceny in that the property must have already been in the lawful possession or control of the accused under or by virtue of some employment, trust, or agency under and with the consent of the owner."

In State v. Holmes, 65 Minn. 230, 233, 68 N. W. 11, it is said:

"An element that enters into the definition of embezzlement is the fiduciary and confidential relation between the owner and the custodian of the property."

In State v. Holton, 88 Minn. 171, 173, 92 N. W. 541, an indictment, attempting to charge the defendant with larceny as a bailee under the statute cited, was held fatally defective because it "failed to allege any facts from which the conclusion would follow that the money which he appropriated to his own use was in his possession as a bailee."

The existence of a fiduciary relation of some sort, between the accused and the owner of the property wrongfully appropriated, by virtue of which the accused was rightfully in possession or control of the property, is an essential element of the offense, and an indictment which fails to show the existence of such fact is fatally defective. In addition to the above cases see State v. Schoemperlen, 101

Minn. 8, 111 N. W. 577; State v. Comings, 54 Minn. 359, 56 N. W. 50; State v. Barry, 77 Minn. 128, 79 N. W. 656; State v. Fellows, 98 Minn. 179, 107 N. W. 542, 108 N. W. 825; State v. Lawrence, 130 Minn. 10, 153 N. W. 123; State v. Marx, 139 Minn. 448, 166 N. W. 1082; State v. Ives, 128 La. 273, 54 South. 796; Ann. Cas. 1921C, 901, and annotation in Ann. Cas. 1921C at page 903.

The indictment in question fails to allege the existence of a fiduciary relation of any sort between the owner of the property and either the defendant or the bank of which the defendant was an officer. It fails to show that either the defendant or the bank had possession of the bonds by virtue of any agreement or arrangement with the owner, or with his consent, and is fatally defective for that reason. The first and second questions we answer in the negative. The third and fourth questions we answer in the affirmative. To the fifth question we answer that the fiduciary relation specified therein must be shown to exist between the owner and the defendant or the bank of which he was an officer. To the sixth question, we answer that it is not necessary to allege to whose use the property was appropriated, if it clearly appears that it was appropriated to the use of another than the true owner with intent to deprive the true owner of his property. The order disallowing the demurrer is reversed, and the cause remanded to the district court for such further proceedings as that court shall deem proper.