## John G. Kibs

### *v.*

## The People of the State of Illinois

1. Indictment—*embezzlement.* Where a statute makes embezzlement larceny the indictment must set out the acts of embezzlement, and then aver that so the defendant committed larceny. The defendant's fiduciary character, which is the distinguishing feature between embezzlement and larceny, must be specially averred.

2. Same—*larceny.* Under an indictment simply charging larceny, the defendant can not be convicted of embezzling or fraudulently converting the money of another, which was never in the owner's possession, as, when the defendant sold a lot for another, and instead of putting the money at interest, on good security, as directed, lost the same at gaming.

Writ of Error to the Circuit Court of Kane county; the Hon. Hiram H. Cody, Judge, presiding.

This was an indictment against John G. Kibs, for larceny, as at common law. The defendant was convicted, and sentenced to the penitentiary for two years.

Mr. J. F. Farnsworth, and Mr. B. F. Parks, for the plaintiff in error.

Mr. James K. Edsall, Attorney General, for the People.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

It is not claimed by the State that the defendant is otherwise guilty than under the 74th section of the Criminal Code, entitled "Embezzlement," which is as follows: "Whoever embezzles or fraudulently converts to his own use, or secretes, with intent to embezzle or fraudulently convert to his own use, money, goods or property delivered to him, which may be the subject of larceny, or any part thereof, shall be deemed guilty of larceny."

The indictment is for larceny, simply, as at common law.

The uniform construction of similar acts, both in this country and in England, is, "that the indictment must set out the acts of embezzlement, and then aver that so the defendant committed the larceny." 2 Bishop's Criminal Procedure, § 281; 2 Wharton's Criminal Law, (7th ed.) § 1940; 1 Chitty's Criminal Law, (ed. of 1841) 281, 282, 283; 3 Waterman's Archbold on Practice, Pleading and Evidence in Criminal Cases, p. 446, 1, 2, 3, 4, 5, 6, and notes.

The defendant's fiduciary character, which is the distinguishing feature between embezzlement and larceny, must be specially averred. *Com.* v. *Simpson,* 9 Metc. 13; *People* v. *Cohen,* 8 Cal. 42; *Com.* v. *Smart,* 6 Gray, 15; *Com.* v. *Wyman,* 8 Metc. 247; *Com.* v. *Merrifield,* 4 id. 468; *People* v. *Tyron,* 4 Michigan, 665; *People* v. *Allen,* 5 Denio, 76; *Rex* v. *Johnson,* 3 M. and S. 539; *Rex* v. *Creighton,* Russ. and Ry. 62. And this rule, instead of being changed, is expressly recognized by § 82 of the Criminal Code (R. L. 1874, p. 364,) which provides that, in indictments in cases under the statute relating to embezzlements, "it shall be sufficient to allege generally in the indictment an embezzlement, fraudulent conversion, or taking with such intent, of funds of such person, bank, incorporated company," etc., "to a certain value or amount, without specifying any particulars of such embezzlement."

We are referred, however, by the Attorney General, to *Welsh* v. *The People,* 17 Ill. 339, and *Stinson et al.* v. *The People,* 43 id. 397, as settling the law in this State, that evi-

dence of an embezzlement will authorize a conviction for larceny.

This is a misapprehension as to the effect of what was decided in those cases.

The convictions there were for larcenies, as at common law, and no question was raised or discussed under the statute relating to embezzlements, and it was held, in both cases, the evidence authorized the jury in finding that the defendant, in obtaining possession of the property, in the first instance, did so with a felonious intent. The distinction between larceny and obtaining goods under false pretenses was the turning point in each case, and it was thus pointed out in *Stinson's case:* "If the owner of goods alleged to have been stolen, parts with both the possession and the title to the goods, to the alleged thief, then neither the taking nor the conversion is felonious. It can but amount to a fraud; it is obtaining goods under false pretenses. If, however, the owner parts with the possession voluntarily, but does not part with the title, expecting and intending the same thing shall be returned to him, or that it shall be disposed of on his account, or in a particular way, as directed or agreed upon, for his benefit, then the goods may be feloniously converted by the bailee, so as to relate back and make the taking and conversion a larceny, if the goods were obtained with that intent."

But the section of the Criminal Code quoted, relates to a class of cases which were not larceny at common law. It is said by eminent writers on criminal law, that the statutes in relation to embezzlement "were passed solely and exclusively to provide for cases which larceny at common law did not include. Hence nothing that was larceny at common law is larceny under the embezzlement statutes; and nothing that is larceny under the embezzlement statutes is larceny at common law." 2 Wharton's Criminal Law (7th ed.) 1905.

Here, the defendant sold a town or city lot for the prosecutor, and under his instructions, previously given, it was defendant's duty to loan the money at interest, on good security, for the prosecutor; but, instead of complying with these

instructions, he lost the money at gaming. The prosecutor never had the money in his possession at any time, and, therefore, at common law the offense could not have been larceny. 2 Wharton's Criminal Law, (7th ed.) §§ 1830, a (p) 1846, b. (g.)

The evidence not being sufficient to sustain the conviction for larceny, the judgment must be reversed.

*Judgment reversed.*