State vs. Roubles.

No. 10,737.

THE STATE OF LOUISIANA VS. W. P. ROUBLES.

1. To maintain a prosecution for embezzlement there must be some averment made of the fiduciary relation sustained by the defendant and made by the statute an element of the offence; and it must be alleged that by virtue of said relation and embezzlement he received into his possession the thing which he is accused of embezzling.

2. The ownership of the property embezzled must be alleged. It is not sufficient to allege that a certain draft was entrusted for collection without alleging to whom it belonged and for whose account the collection was made.

APPEAL from the Thirteenth District Court, Parish of St. Landry. Lewis, J.

*Walter H. Rogers*, Attorney General, for the State, Appellee.

*Laurent & Dupré* for the Defendant and Appellant.

The opinion of the court was delivered by

BREAUX, J.    An information was filed against the defendant charging him with having embezzled the amount of a draft he had been entrusted with by one William Burr, for the purpose of its collection, which he collected and feloniously appropriated to his own use.

He was tried, convicted and a few days later was sentenced to imprisonment in the penitentiary for twelve months.

Errors are alleged in a motion in arrest of judgment, which are also made a bill of exception.

It is contended that the information is deficient in matter of substance in not charging that the defendant was in the employ of the person by whom he was entrusted with the collection of the draft; that it was not sufficient to allege that he had been entrusted with the collection, but that the capacity in which he was entrusted, whether as clerk, agent or servant, should have been stated.

In deciding the questions presented we must consult the statutes of our own State and the decisions of our courts.

Those of other States are not always safe guides, owing to the varying terms of the statutes creating the offence.

State vs. Roubles.

We copy from the statutes the words applying in this case:

"Any * * * agent * * servant who shall wrongfully use, dispose of, cancel or otherwise embezzle any money, bill, note, check, order, draft, or any other property which he shall have received for another, or for his employer, principal or bailor, or by virtue of his * * trust or employment, or which shall have been entrusted to his care, keeping or possession by another, or by his employer, principal or bailor * * upon conviction thereof, or of having aided or abetted in the commission thereof, or having been accessory, etc., shall suffer."

The offence may be described as the embezzling of property designated by the statute by the person and under the circumstances specified therein.

It is the "fraudulent appropriation of property by a person to whom it has been entrusted."

Although the defendant was not in the regular employment of the prosecuting witness, the single act with which he is charged may have created the relation of principal and agent, or employer and servant.

The bare temporary charge, the entrusting him with the collection of the draft, may have made him *quoad* the collection, the agent.

In the matter of contracts the party who is charged with the responsibility of representing another is termed the agent, the party represented the principal; in non-contract law master and servant.

"A servant is commonly an agent; and ordinarily an agent is a servant. In the law of contracts the related parties are usually termed principal and agent; in the non-contract, master and servant.

"In both there may be an agent or servant by estoppel, as well as by direct appointment." Bishop, Non-Contract Law, p. 694.

To constitute an agency, it is not necessary that there should be more than one act authorized, or more than one act performed, "unless this single act created the relation." Archbold, Vol. 2, p. 578.

In the case of the State vs. Jones, 9 An. 307, the defendant was indicted under the embezzlement statute of March, 1845.

There was an agreement between him and the prosecuting witnesses to purchase property on joint account. The latter placed a

note in his hand to be delivered to the owner of the property in payment of his half of the price, which note the defendant did not deliver, but negotiated.

"The agreement between Holmes and Jones to purchase the schooner on joint account did not deprive the transaction of the character of agency, undertaken by Jones for Holmes in purchasing the one-half interest in the schooner for him." See also Bishop on Criminal Law, Vol. 1, p. 347, E. Ed.

It is contended by the defendant "that it was not sufficient to allege that he had been entrusted with the collection, but that the capacity in which he was entrusted, whether as clerk, agent or servant, should have been stated."

There can be no question that the defendant's fiduciary character must be averred.

It is not necessary, however, to allege the particular word of the statute, for the cases on embezzlement seem to employ them almost interchangeably, especially " clerk " and "servant," but the capacity " in which he was entrusted, whether as clerk, agent or servant, should be alleged.

" The allegation must contain a word found in the statute, else it will ordinarily be defective." Bishop on Criminal Law, Vol. 2, p. 349; Bishop on Criminal Procedure, Vol. 2, p. 323.

The information should charge " that the defendant stood in some fiduciary relation to another person named within the terms of the statute, as that he was the other's ' servant ' or clerk or ' treasurer,' " or some other word should be used equally as expressive and within the meaning of the statute.

None of these words are alleged in the information, nor any equivalent word, only that the defendant was entrusted. It should have been alleged that by virtue of his employment, or by virtue of the trust as clerk, agent, or servant he received and took into his possession. The confidence violated by the " agent," clerk or " servant" must be set forth. " There must be some of the fiduciary relation sustained by the defendant, and made by the statute an element of the offence. The fiduciary relation is not alleged.

" The pleader would not be allowed, in framing his indictment, to make under all circumstances his own choice of terms." Says Bishop on Criminal Law, Vol. 2, p. 332.

"There are various terms, such as 'agent,' 'servant' 'clerk' and the like, employed in them to designate the classes of persons within their penalties.

"If the pleader is satisfied the defendant is either an 'agent,' a clerk or a servant, he selects the term which pleases him best; then should the proof sustain the allegation in this respect, all is well, though it should appear that one of the other statutory terms would be equally appropriate." Bishop, Criminal Law, Vol. 2, p. 334.

We will not rest our decision on the ground just considered.

We will examine the next presented, viz: "That it is not stated who was the owner of the draft, nor that it was to be collected for the account of the prosecuting witness."

The ownership of the property embezzled must be alleged or an equivalent term used.

"The ownership must be alleged and with the same accuracy and after the same rules as in an indictment for common law larceny." Bishop on Crim. Proc., Vol. 2, p. 321; Archbold, Vol. 2, p. 564.

"Unless the pleader be relieved from this exactness by special statute, the goods and ownership must be set out with the same completeness as in larceny." Wharton, Vol. 2, Sec. 1945.

The words of our statute, viz: "Any servant or agent, and who shall wrongfully use * * * money, etc., intrusted to his care, keeping or possession by another" does not relieve from the necessity of alleging the ownership. It is not alleged to whom the draft belonged nor for whose account it was collected.

It can not be presumed that the prosecuting witness is the owner, because of the allegation that the defendant was entrusted with its collection by him.

We have not hastily reached the conclusion before expressed, for those who violate confidence in matter of money should be punished, but we will not decide that an information is legal, drawn under a statute adopted to punish any "servant," clerk, broker, agent, consignee, trustee, attorney, mandatory, depositary, common carrier, bailee," when it is not alleged that the draft nor the amount collected belonged to the prosecuting witness, nor that it was received and its amount embezzled by virtue of any of the relations above expressed.

Because (quoting from the information) " he was intrusted by one Willie Burr with the possession of a certain draft for the sum of

$20 on James Nicholson, of Washington, La., for the purpose of collecting said amount, and having collected said amount the defendant did feloniously and fraudulently embezzle," etc., it does not necessarily follow that he was entrusted within the words or intendment of the statute.

It is therefore ordered, adjudged and decreed that the judgment and sentence appealed from be annulled and quashed as not good in law, and that the verdict of the jury be set aside, and the defendant remanded in custody subject to the orders of the District Court of the parish of St. Landry.