DANIEL F. GRANT, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. An indictment for embezzlement in which the only description of the property alleged to have been fraudulently converted is, that it was "the proceeds" of certain lumber sold by the defendant, is wholly insufficient. The general rule is, that such an indictment should state the description of the property embezzled with the same particularity as is required in an indictment for larceny.

2. If it is impossible in an indictment for embezzlement to give a very exact description of the property embezzled, the best description practicable should be given, and if the description is indefinite, a reason for not giving a better description should be stated.

3. The omission in an indictment for embezzlement to describe the property alleged to have been embezz'ed is a fatal objection at any stage of the case the same may be presented, including a motion in arrest of judgment.

4. In an indictment for embezzlement the receipt by the defendant of the property alleged to have been embezzled should be directly and positively alleged. An indictment which only alleges that the defendant sold certain lumber and converted the proceeds thereof to his own use, is not equivalent to an averment that the proceeds of the sale of the lumber came to his hands.

5. In an indictment for embezzlement the ownership of the property alleged to have been embezzled should be alleged with the same particularity as in an indictment for larceny.

6. In an indictment for embezzlement an allegation that the fraudulent conversion of the proceeds of the property by the defendant injured the bailors in the sum of one hundred and seventy dollars, is not an allegation of the value of the property embezzled. Such an allegation is only useful in showing the amount of damages claimed in a civil proceeding.

7. In an indictment for embezzlement it is especially necessary under our statute to state the value of the property alleged to have been embezzled, because the statute provides that upon a conviction for this offense the defendant shall be punished as if he had been convicted of larceny. We have two different grades of larceny, as regulated by the value of the property stolen, over which the Circuit Court has jurisdiction, and for which different degrees of punishment are provided; therefore the value of the property should be stated, in order to ascertain the penalty proper to be inflicted.

Writ of Error to the Circuit Court for Suwannee county.

The facts of the case are stated in the opinion of the court.

*A. J. Henry*, for Plaintiff in Error.

*The Attorney-General*, for Defendant in Error.

LIDDON, J.:

The plaintiff in error was convicted in the Circuit Court upon an indictment charging "that Daniel F. Grant, late of said county, lawyer, on the 30th day of June, A. D. 1891, at and in the county, circuit and State aforesaid, was then and there intrusted by Frank M. Bell and T. C. Glover with a large amount of property, which was then and there subject of larceny, to-wit: thirty thousand feet of yellow pine lumber" (giving a detailed description of the dimensions of the

said lumber); "and the said Daniel F. Grant was so intrusted as aforesaid with the lumber aforesaid by the said Frank M. Bell and T. C. Glover for the purpose of shipping and selling the same, and having the proceeds thereof remitted to them, the said Frank M. Bell and T. C. Glover; and the said Daniel F. Grant did afterwards sell the said lumber with the consent of the said Frank M. Bell and T. C. Glover, and after the sale aforesaid did, without the consent of the said Frank M. Bell and T. C. Glover, fraudulently convert the proceeds thereof to his own use, and fail and refuse to pay the same over to the said Frank M. Bell and T. C. Glover on demand, to the injury of the said Frank M. Bell and the said T. C. Glover in the sum of one hundred and seventy dollars. So the jurors aforesaid upon their oath aforesaid do say that the said Daniel F. Grant, at the time aforesaid, and in the county, circuit and State aforesaid, did commit the crime of fraudulent conversion of property, contrary to the laws," etc.

The jury rendered a verdict finding the defendant guilty of the fraudulent conversion of forty-nine dollars of the money set forth in the indictment, and recommended him to the mercy of the court. The counsel for defendant moved an arrest of judgment upon numerous grounds. Included in said grounds, among many others, are: (1) That the indictment was vague, indefinite and insufficient, and did not charge any offense; (2) that it did not allege the ownership or value of the property alleged to have been fraudulently converted by the defendant. The court overruled the motion, and imposed a penalty upon the defendant.

We think the objections stated above were good ones, and the motion to arrest the judgment should have been granted. As to the first objection, the indictment

is exceedingly vague and indefinite. It was found under the statute, section 2454 of the Revised Statutes of Florida. Leaving out those portions of the section not applicable to the present case, the pertinent portions in question would read as follows: "If * * any * person with whom any property which may be the subject of larceny is entrusted or deposited by another, * * * after a sale of any of said property with the consent of the owner or bailor shall fraudulently and without consent aforesaid convert or embezzle the proceeds, or any part thereof, to his own use, and fail and refuse to pay the same to the owner or bailor on demand, * * (he) shall be punished as if he had been convicted of larceny." The gist of the contention upon the objection now under consideration is, that the indictment does not describe or state in what the proceeds consisted which are alleged to have been converted by the defendant to his own use. The indictment describes the property alleged to have been fraudulently converted only as "the proceeds thereof," alluding to the sale of the lumber mentioned. We are not advised whether the lumber was sold for cash or other thing of value, or on credit, or whether "the proceeds" consisted of money, promissory notes, or other thing of value. The general rule is that an indictment for embezzlement should state the description of the property embezzled with the same particularity as is required in an indictment for larceny. Rapalje on Larceny and Kindred offenses § 385; People vs. Cox, 40 Cal. 375; Commonwealth vs. Smart, 6 Gray, 15; 2 Bishop's Criminal Procedure, § 320, and authorities cited; 1 Wharton's Criminal Law,§ 1044, and authorities cited. See also many English and American cases collated in a note to Calkins vs. State, 98 Am. Dec. (18 Ohio St. 366), and 9 Am. and Eng. Ency. of Law, p.

498 *e.* It might be impossible in some cases to give a very exact description of the property embezzled, but the best description practicable should be given, and if the description is indefinite, a reason for not giving a better description should be stated. 2 Bishop's Criminal Procedure, § 321. The omission to describe the property alleged to have been embezzled is a fatal objection at any stage of the case the same may be presented, including a motion in arrest of judgment. People vs. Cox, *supra*; Commonwealth vs. Smart, *supra.*

We need only notice one other point under this ground of the motion to arrest the judgment, which is that the indictment contains no direct allegation that the defendant received any proceeds of the sale of lumber entrusted to him. It only alleges that he sold the lumber and converted the proceeds to his own use. The allegation of a sale by defendant is not equivalent to an averrment that the proceeds of the sale came into his hands. He might have sold on credit, or he might have sold and not have been paid. Upon so vital a point nothing should be left to conjecture, or to be supplied by presumption, but the receipt of the proceeds of the sale by the defendant should have been directly and positively alleged.

The next objection is, that the indictment failed to allege the value or ownership of the property alleged to have been embezzled. This objection is well taken in point of fact, and is fatal to the indictment, and it must fall before it. The ownership of the property should have been alleged with the same particularity as in an indictment for larceny. Rapalje on Larceny, etc., § 386; 2 Bishop's Criminal Procedure § 320; Heard's Criminal Law, p. 527; State vs. Roubles, 43 La. Ann. 200, 9 South. Rep. 435. See also a large

number of cases collated in note to Calkins vs. State, 98 Am. Dec. 157, and in note to p. 498 *d*. 6 Am. and Eng. Ency. of Law. The value of the property alleged to have been embezzled should have been stated. The allegation in the indictment that the fraudulent conversion of the proceeds of the property by the defendant injured the bailors in the sum of one hundred and seventy dollars, is not an allegation of the value of the property embezzled. Such an allegation might be useful as showing the amount of damage claimed in a civil proceeding, but not for any other purpose. The authorities agree that it is necessary to allege the value of the property embezzled in an indictment for embezzlement. See note to Calkins vs. State, *supra*, and 9 Am. and Eng. Ency. of Law, p. 498 *h*. It is necessary, upon general principles, to state the value of the property in an indictment of this character, and it is especially necessary under our statute. The statute provides that upon a conviction of this offense, the defendant "shall be punished as if he had been convicted of larceny." The value of the property should be stated in order to ascertain the penalty proper to be inflicted. We have two grades of larceny, as regulated by the value of the property stolen, of which the Circuit Court has jurisdiction, and for which different degrees of punishment are provided. Where the value of the property stolen is one hundred dollars or more, it is called grand larceny, and more severely punished than when the value is less than one hundred dollars, which is called petit larceny. Revised Statutes of Florida, §§ 2440, 2441.

For the reasons stated the judgment of the Circuit Court is reversed, with direcrions to dismiss the proceedings against the plaintiff in error, and discharge him from custody.