STATE *vs.* GEORGE H. T. STEVENSON.

Aroostook.   Opinion December 27, 1897.

*Indictment.  Pleading.  Embezzlement.  Stat. 1893, c. 241.  Mass. Pub. Stat.
c. 203, §§ 37, 44.*

An indictment for embezzlement under the Statute of 1893, c. 241, must allege
the receipt of the property embezzled to have been on some trust and confi-
dence.

ON EXCEPTIONS BY DEFENDANT.

This was an indictment for embezzlement.  After trial and con-
viction of the defendant, he moved in arrest of judgment because
of the insufficiency of the indictment.  The presiding justice hav-
ing overruled the motion, the defendant took exceptions to the
ruling.

The indictment was found at the April term of this court sitting
below, on the fourth Tuesday of April, 1897, at Houlton.  The
material portions of the indictment are as follows:

The jurors for said state upon their oath present, that George H. T. Stevenson, of Houlton, in said county of Aroostook, at Houlton, in said county of Aroostook, on the nineteenth day of December in the year of our Lord one thousand eight hundred and ninety-six, did receive and take into his possession, certain money of the amount and of the value of ninety-six dollars, and divers promissory notes current as money in said state of Maine, of the amount and of the value of ninety-six dollars, and sundry pieces of gold and silver coin current as money in said state of Maine, of the amount and of the value of ninety-six dollars, and one pension check of the United States of America, payable to the order of William H. Stewart, and indorsed by the said William H. Stewart, for the amount and of the value of ninety-six dollars, and all of the property and moneys of the said William H. Stewart, and all of which property and money was then and there delivered to him, the said George H. T. Stevenson by said William H. Stewart, and that the said George H. T. Stevenson thereafterwards, on said nineteenth day of December, in the year of our Lord one thousand eight hundred and ninety-six, with force and arms the said money, promissory notes, gold and silver coin and check, so as aforesaid delivered to him and by him had, received, and taken into his possession, then and there unlawfully and feloniously did embezzle and fraudulently convert to his own use, without the consent of him the said William H. Stewart, the said money, promissory notes, gold and silver coin and check, being then and there the subject of larceny : Whereby, and by force of the statute in such case made and provided, said George H. T. Stevenson is deemed to have committed the crime of larceny, and so the jurors aforesaid, upon their oath aforesaid, do say that the said George H. T. Stevenson, then and there in manner and form as aforesaid, the said money, promissory notes, gold and silver coin, and check, of the property and moneys of the said William H. Stewart, feloniously did steal, take, and carry away against the peace of said state, and contrary to the form of the statute in such case made and provided.

(MOTION IN ARREST OF JUDGMENT.)

And now after trial and verdict of guilty, and before judgment the said George H. T. Stevenson comes, etc., and says that judgment ought not to be rendered against him, because he says that said indictment and the matters therein alleged in the manner and form in which they are stated are not sufficient in law for any judgment to be rendered thereon, and the said indictment is bad, defective and insufficient in the following particulars :—

First: That said indictment contains no description of the act complained of and no averment of any crime.

Second: That no crime known to the law is set forth in said indictment.

Third: That said indictment does not state the purpose for which the property, money, goods and so forth, mentioned in said indictment, were delivered to said respondent.

Wherefore, he prays that judgment on said verdict may be arrested and that he may be hence dismissed and discharged.

Dated this 11th day of May, A. D. 1897.

GEORGE H. T. STEVENSON.

Motion in arrest of judgment overruled pro forma, and indictment adjudged sufficient.

*Wallace R. Lumbert*, County Attorney, for State.

Counsel cited: *State* v. *Walton*, 62 Maine, 106 ; *State* v. *Lynch*, 88 Maine, 195 ; *State* v. *Knowlton*, 59 N. H. 36 ; *State* v. *Goulding*, 44 N. H. 204 ; *State* v. *Gove*, 34 N. H., 310. *Commonwealth* v. *Smart*, 6 Gray, 15, was an indictment drawn against carriers and other persons to whom property is delivered and was decided in 1856 and therefore before the statute of 1857 was enacted in Massachusetts.

It is fair to presume that our statute was passed not only for the purpose of protecting society against embezzlement, but also to do away with the necessity of that technical accuracy of statement that the court required in *Com.* v. *Smart*, supra.

*Ira G. Hersey*, for defendant.

The indictment does not show any facts, circumstances or aver-

ments setting forth any crime. The only fact set forth is that the defendant, on a certain day, received and took into his possession certain property (describing it) which was delivered to him by one Stewart, which of course sets forth no crime. The object and purpose of that delivery, the fiduciary relation or trust, if any, is not set forth. Why this money was delivered; what was to be done with it; the relation of the defendant to the one who is alleged to have delivered it to him is not set forth. Whether he was an agent, an attorney, a bailee, or that he occupied any fiduciary relation, or that there was any trust of any kind established is not mentioned, hinted, or set forth in the indictment. What was to be done with the money or property, or what was done with it, is not set forth. How or in what manner it was embezzled and converted is not set forth. The mere naked statement that this money and property was delivered to the defendant, with the pleader's conclusion that the defendant on the same day embezzled and fraudulently converted the same to his own use, is all there is to this indictment.

Counsel cited:— *Com.* v. *Concannon*, 5 Allen, 506; *Com.* v. *Simpson*, 9 Met. 142; *Com.* v. *Hussey*, 111 Mass. 435; *Com.* v. *Hays*, 14 Gray, 62; *Com.* v. *Butterick*, 100 Mass. 1; *Com.* v. *Smart*, 6 Gray, 15; *State* v. *Mace*, 76 Maine, 66; *State* v. *Learned*, 47 Maine, 431; *Enders* v. *The People*, 20 Mich. 233; *People* v. *Olmstead*, 30 Mich. 439; *State* v. *Smith*, 17 R. I. 373; *Com.* v. *Strain*, 10 Met. 522; *United States* v. *Cruikshank*, 92 U. S. 544; *The People* v. *Albow*, 140 N. Y. 134; *United States* v. *Hess*, 124 U. S. 486; *State* v. *Schund*, 57 N. H. 627; *People* v. *Stark*, 136 N. Y. 541; *Com.* v. *Moore*, 11 Cush. 603; *Com.* v. *Sheedy*, 159 Mass. 55; *State* v. *Thurston*, 35 Maine, 205, (58 Am. Dec. 695); *Com.* v. *Slack*, 19 Pick. 307; *State* v. *Pierce*, 43 N. H. 373; *State* v. *Fitts*, 44 N. H. 623; *State* v. *Fiske*, 18 R. I. 416; *State* v. *Paul*, 69 Maine, 215; *State* v. *Kennison*, 55 N. H. 244; *State* v. *Day*, 3 Vt. 52; *State* v. *Northfield*, 13 Vt. 183; *Barth* v. *State*, 19 Conn. 438; *State* v. *Gary*, 36 N. H. 361; *State* v. *Parker*, 43 N. H. 85; *Hall's case*, 5 Maine, 409; *State*

v. *Philbrick*, 31 Maine, 401; *State* v. *Godfrey*, 24 Maine, 232; *State* v. *Gove*, 34 N. H. 511; *State* v. *Barrett*, 42 N. H. 470.

Every ingredient of which an offense is composed must be accurately and clearly alleged in the indictment or the indictment will be bad, and may be quashed on motion, or the judgment may be arrested before sentence. The rule requiring certainty in criminal pleading has been regarded for ages as one of the great safe-guards of the citizen against oppression and groundless prosecution. *U. S.* v. *Cruikshank*, 92 U. S. 562.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, WISWELL, SAVAGE, JJ.

HASKELL, J. Indictment under the act of 1893, c. 241, for larceny by embezzling the goods of another. The indictment in substance charges that the defendant " did receive and take into his possession certain money " etc., delivered to him by one Stewart which the defendant " unlawfully and feloniously did embezzle and fraudulently convert to his own use, the same being the subject of larceny, and so did feloniously steal, take and carry away the same, contra pacem, etc.

The defendant was found guilty, and moves arrest of judgment because the indictment does not charge the receipt of the money, etc., in any fiduciary relation, or upon any trust and confidence.

The Attorney for the State contends that such averments are unnecessary under the statute that inhibits, as larceny, the embezzlement of money, goods or property, which may be the subject of larceny, delivered to the defendant.

The act is as follows:

" Whoever embezzles, or fraudulently converts to his own use, or secretes with intent to embezzle or fraudulently convert to his own use, money, goods or property delivered to him, or any part thereof, which may be the subject of larceny, shall be deemed guilty of larceny."

The purpose of the statute is to create a peculiar species of larceny, where the felonious taking is wanting; and all authorities

agree that in such case an indictment for larceny proper cannot be maintained. That is, proof of embezzlement will not support an indictment for larceny. It logically follows, therefore, that an indictment for larceny by embezzlement must distinguish the offense by apt averment, and the distinguishing element is the breach of some trust or confidence. That is the gist of the crime, and therefore must be charged. No authority can be found to the contrary. *State* v. *Walton,* 62 Maine, 106, is cited at the bar, but that case squarely holds to this doctrine. That was an indictment against a public officer. The court says: "The questions are: Was he a public officer? Has he fraudulently converted to his own use money, which he had in his possession and under his control, by virtue of his office? It is set forth in the indictment that the defendant, being a public officer, . . . . did by virtue of his office and while employed therein receive and have in his possession certain money, etc., and the said money did then and there unlawfully and fraudulently embezzle and convert to his own use, and so did steal, take and carry away the same." *State* v. *Lynch,* 88 Maine, 195, is cited to the point that offenses must be charged in the words of the statute or in language equivalent thereto. Certainly, offenses must always be so charged, but sometimes such averments are not sufficient. One example is where an offense is prohibited, but not defined. There the indictment should charge the elements of the offense as well as the statute inhibition. For instance, a statute might prohibit murder, arson, robbery, or larceny, and would any one contend that an indictment charging those offenses in the words of the statute a sufficient compliance with our constitutional provision that the accused " may demand the nature and cause of the accusation and have a copy thereof? The indictment in this case charges the embezzlement of money delivered to the defendant. Suppose it were paid to him by mistake, and he converted it, should he be held as for larceny? Nothing more is necessarily charged. The very word embezzle implies the moral turpitude of a breach of trust equal to felonious taking. This is not a new question. If it were, customary laxity might say an indictment charging that a defendant did embezzle money

the property of another, and so did steal, take and carry away the same, would be sufficient. In substance, that is all there is of the indictment in this case.

The statute in question was copied verbatim from Massachusetts Pub. Stat. c. 203, § 37. It was first enacted there in 1857, c. 233, and has been in force ever since. It has many times been construed by the Massachusetts court, and it is fair to presume that its construction was intended by our legislature when it was enacted here. To supply the defect of a prior Massachusetts statute, that did not reach the fraudulent conversion of a mere naked deposit of money for safe keeping, the present statute was enacted. *Commonwealth* v. *Hays,* 14 Gray, 62. In that case it is said that these prior statutes were intended to reach the fraudulent taking of money by persons to whom it had been intrusted by their employers and others on trust and confidence where no conviction for larceny could be had for want of taking or asportation, an essential element in that crime, and that to such persons only the statutes apply. *Commonwealth* v. *Stearns,* 2 Met. 343 ; *Commonwealth* v. *Libbey,* 11 Met. 64 ; *Commonwealth* v. *Williams,* 3 Gray, 461. In the same case it is further said that the present statute was " intended to embrace cases where property had been designedly delivered to a person as bailee or keeper and had been fraudulently converted by him. . . . . That beyond this the statute was not intended to go," and so it was held that where money was paid by mistake and fraudulently converted, no conviction could be had under the statute, inasmuch as the moral turpitude was not so great as in those cases usually comprehended within the offense of embezzlement, and that the legislature could not have intended to place them on the same footing.

In *Commonwealth* v. *Hussey,* 111 Mass. 432, it is held that " the fiduciary relation essential to characterize the crime is sufficiently expressed by the averment that the property was delivered to the defendant upon the trust and confidence that he would return it to the owner on demand." That was an indictment under the statute in question. Notice the expression, " the fiduciary relation essential to characterize the crime."

In *Commonwealth* v. *Smart*, 6 Gray, 16, an indictment under this same statute, the court say: "The general allegation that the defendant was 'entrusted' with certain enumerated articles, the property of Scott, is too loose and indefinite; since such an averment is equally applicable to a common carrier, and to any other person to whom chattels have been delivered, either to be carried for him, or to be kept, or used, or appropriated to any particular object or service in the manner which may have been prescribed and directed by the owner, or specially agreed upon by the parties. In neither of these particulars is there any discrimination or certainty in the averments contained in the indictment."

In *Commonwealth* v. *Concannon*, 5 Allen, 506, an indictment under the same statute for embezzling a mortgage, it is said: "There is a distinct averment that the deed was delivered to the defendant, and that he took and received it for the purpose of carrying and delivering it to the prosecutor. We cannot see that this does not fully and formally set out the agreement or trust on which the deed was received by the defendant." It was held sufficient.

In *Commonwealth* v. *Simpson*, 9 Met. 138, an indictment under the prior statute for embezzling goods, it was held that a conviction could not be had under an indictment good only as an indictment for larceny. The court say: "The general object of the various statutes in relation to embezzlement, in England and in this Commonwealth, doubtless was, to embrace, as criminal offenses punishable by law, certain cases where, although the moral guilt was quite as great as in larceny, yet the technical objection, arising from the fact of a possession lawfully acquired by the party, screened him from punishment. They were therefore declared crimes punishable by law.

"The purposes of this statute may, as it seems to us, be sufficiently attained, without any infringement of those rules of criminal pleading which require the charge to be particularly and certainly set forth. The defendant should, as far as is reasonably practicable, be apprised, by the indictment, of the precise nature of the charge made against him. This, in embezzlement, so far as

respects the nature of the offense or character of the crime charged, may be easily indicated by setting forth the fiduciary relation, or the capacity in which the defendant acted, and by means of which the property came into his possession, and by charging the fraudulent conversion. Such seems to have been the practice under the English Sts. 21 Hen. 8, c. 7, 39 Geo. 3, c. 85, and 52 Geo. 3, c. 63. See the forms of indictment, in 3 Chit. Crim. Law, (4th Amer. ed.) 961 & seq. Archb. Crim. Pl. (1st ed.) 156.

"The court are of opinion that the two offenses of larceny and embezzlement are so far distinct in their character, that under an indictment charging merely a larceny, evidence of embezzlement is not sufficient to authorize a conviction; and that, in cases of embezzlement, the proper mode is, notwithstanding the statute to which we have referred, to allege sufficient matter in the indictment to apprise the defendant that the charge is for embezzlement. Although the party, in the language of the statute, 'shall be deemed to have committed the crime of simple larceny,' yet it is larceny of a peculiar character, and must be set forth in its distinctive character."

That case was referred to and adopted in *Commonwealth* v. *Pratt*, 132 Mass. 246. It is there held that no judgment for embezzlement can be given unless the indictment directly charge larceny by the phrase "feloniously did steal, take and carry away" as well as set out the nature of the embezzlement that is made larceny by statute. In *Commonwealth* v. *Mead*, 160 Mass. 319, 1894, an indictment under the act in question charges the fiduciary relation. So does *Commonwealth* v. *Parker*, 165 Mass. 526, 1896. All of these decisions were made notwithstanding an existing Massachusetts statute, Pub. Stat. 1882, c. 203, § 44, providing that in such cases "it shall be sufficient to allege generally in the indictment an embezzlement, fraudulent conversion or taking with such intent of money to a certain amount without specifying any particulars of such embezzlement." But they hold that the breach of trust and confidence which is essential to charge embezzlement must be averred as well as proved.

Three things must be averred :—

I.   Fiduciary relation.

II.   Fraudulent conversion.

III.   Larceny in apt phrase.

Unless all of these be proved, no conviction can be had, and it is common learning that all elements of a crime necessary to be proved must be averred.

Under our statute, construed in the light of the Massachusetts cases, from whence we adopted it, there is no escape from holding the indictment in this case insufficient, and the result is supported by reason as well.

*Judgment arrested.*