BREAUX, C. J.
This is an appeal by the state from a ruling of the court sustaining defendant’s motion to quash the indictment.
This motion was sustained for the reason that the indictment did not charge that the accused was a servant, clerk, broker, or that he acted in any other capacity.
The alleged illegal indictment charged the defendant with having feloniously converted to his own use and embezzled $50 of the property of the receiver of the Pleasant Hill-Lumber Company, Limited, drawn from and collected of the Bank of Pleasant Hill, to-be used for the — ■
“purpose, use, and benefit of the creditors and the stockholders of the said Pleasant Hill Lumber Company, Limited, and which money had been intrusted to said A. B. Ives for the said purpose, use, and benefit of creditors and stockholders of the said Pleasant Hill Lumber Company, Limited; that the said money was not used as directed or for the usage, purpose, and benefits aforesaid, but was feloniously converted to his own use and embezzled by him, to the great damage of said creditors and stockholders of the said Pleasant Hill Lumber Company, Limited.”
In the motion to quash, sustained by the court as before mentioned, the ground is that the indictment does not charge the fiduciary relation of defendant to the Pleasant Hill Lumber Company, Limited, or to its creditors; nor does it charge that the sum was intrusted to him as agent, servant, clerk, broker, consignee, trustee, attorney, curator, administrator, tutor, or as holding any office of trust.
Section 905 of the Revised Statutes is the section under which the prosecution was instituted. It authorizes the indicting of any servant, clerk, broker, agent, consignee, mandatory, depository, common carrier, bailee, curator, administrator, tutor, or any person holding any office of trust under the executive or judicial authority of the state or in the service of any public or private corporation or company who shall wrongfully use, dispose of, conceal, or otherwise embezzle any money received for another or for his employer, principal, or bailor, or by virtue of his office, trust, or employment.
[1] It is well settled to constitute embezzlement the accused must be occupying a fiduciary relation. It is important, under the section before cited, that the fiduciary relation should be alleged in order that it may appear that a crime has been committed, *275 for it is a condition.' that an act has been committed by an employs in one of the capacities mentioned in the section.
Mr. Bishop says that, besides the formal part of the indictment, the defendant must stand in a fiduciary relation to another person named within the terms of the statute; that he was the servant, clerk, treasurer, employs in some capacity.
It must further appear that by virtue of such relation the accused received the amount or property for his master or employer, and that he did embezzle the amount in one of the ways denounced by the statute.
Bishop’s New Criminal Procedure, p. 317, and “that this and everything else which the particular statute renders material must be stated with fullness in a manner to cover the statutory term and apprise the defendant of what he has to answer to.” Section 315.
To constitute embezzlement, the goods or money must be intrusted to the care and control of another.
In People v. Doss, 39 Cal. 431, the court held that, before a person can be convicted, the indictment must allege and the evidence prove that the defendant occupied some subordinate position and fiduciary relation implying special trust and confidence. '
In 2 Waterman’s Archibold, p. 561, § 10, in the notes of that work, it is stated that in New York an indictment must aver that the defendant was the clerk or servant of an officer or agent of the corporation, and that he received the property by virtue of his employment.
In these notes it is also stated that in Tennessee the defendant was to be charged in effect the same way.
In United States v. Patterson, 6 McLean, 466, Fed. Cas. No. 16,011, the defendant was a person employed in one of the departments of the post office of the United States. The employment was specially charged. There was in this case an equivalent establishing the relation.
In the case before us for decision there was.no equivalent.
Ti;e learned text-writer above cited says that, to maintain the indictment, the prosecution must prove under the terms of the statute that the accused was clerk or person employed in one of the departments. Id. p. 567, § 449.
In Griffin v. State, 4 Tex. App. 416, the court held that the indictment was fatally defective because it did not allege the fiduciary relation.
In this decision, It was also held that the indictment should set forth the owner of the property.
Of course, that has no application in this case as in that respect it may be that there are decisions to the contrary in this state. We only cite it in passing, that is as to the ownership of the property.
15 Cyc. p. 519, is equally as clear and conclusive upon the subject.
It is pertinently said that the capacity or character should be alleged in the indictment or information.
Notes and references in this way sustain the text to which we have briefly alluded above.
Further upon the subject, in the same work, see page 520, col. 1.
In a Florida case the court held that in an indictment against an officer or a corporation for embezzlement of its property the name of the office held by such officer should be set out. Alden v. State, 18 Fla. 187.
In Illinois the decisions'are that fiduciary character of the defendant must be alleged. Kibs v. People, 81 Ill. 599.
In the case of an attorney at law who embezzles the money of his client it must be specially averred that the relation of attorney and client existed between the prosecutor and the defendant. People v. Tryon, 4 Mich. 665.
In another Texas case it was decided that *277 the fiduciary ■ relation must be expressly alleged. State v. Johnson, 21 Tex. 775.
The relation in which the defendant stood to the person from whom he embezzled must be stated.
An indictment for embezzlement is sufficient if it follows the words of the statute, said the court in a case cited, infra, but this is only so where the words used in the statute are sufficient to describe every fact essential to constitute the offense; otherwise it is not sufficient.
In this case the indictment did not state the offense.
It was quashed by the court. Commonwealth v. Barney, 115 Ky. 475, 74 S. W. 184.
An indictment was held insufficient because the pleader failed to allege the capacity or character of the accused. Sanders v. State, 86 Ga. 717, 12 S. E. 1058.
[2] The distinguishing feature between larceny and embezzlement must be alleged. 2 Wharton’s Criminal Law (7th Rev. Ed.) p. 1941, § 1940, citing a number of authorities.
See, also, the case of Taylor v. Wells, 108 Tenn. 719, 69 S. W. 266.
If it be imagined that this is a question of proof, we can only refer to the case of State v. Hebei, 72 Ind. 361, in which it was held that whatever is required to be proved on the trial must be first charged in the indictment.
The practice of eking out a case by inference, import, or implication is not favored, but in the ease before us there is not even good reason to imply that any relation existed if we were to take the face of the indictment as a sufficient statement of the .case.
We will add here as decision bearing upon the case the case of State v. Roubles, 43 La. Ann. 200, 9 South. 435, 26 Am. St. Rep. 179, .approved by a unanimous court.
In view of the number of authorities upon the subject, we are constrained to affirm the judgment of the district court.
For reasons stated, it is ordered, adjudged, and decreed that the order, judgment, and decree of the district court are affirmed.