[Criminal No. 569.   Filed October 26, 1923.]

[219 Pac. 589.]

## GUY PHELPS, Appellant, v. STATE, Respondent.

1. EMBEZZLEMENT—ONLY PERSONS OCCUPYING FIDUCIARY RELATIONS SPECIFIED IN STATUTE GUILTY. — Only persons occupying, to the owner of property, one of the fiduciary relations specified in Penal Code of 1913, sections 500–505, defining embezzlement, can be guilty of such offense.

2. EMBEZZLEMENT — POSSESSION OF FIDUCIARY MUST ARISE FROM TRUST.—Only property which reaches persons in one of the fiduciary relations specified in Penal Code of 1913, sections 500–505, by virtue of their trusts can be the subject of embezzlement.

3. EMBEZZLEMENT — INFORMATION MUST ALLEGE FIDUCIARY RELATION OR FACTS DISCLOSING RELATION.—An information charging embezzlement under Penal Code of 1913, sections 500–505, must allege the fiduciary relation by virtue of which the defendant acquired possession of the property or facts disclosing the fiduciary relation.

4. EMBEZZLEMENT — INFORMATION HELD DEFECTIVE FOR FAILURE TO PLEAD FIDUCIARY RELATIONSHIP. — Information charging that defendant embezzled automobile entrusted to him by a named company *held* defective for failure to allege the fiduciary relation between the defendant and the company or facts disclosing such relation under Penal Code of 1913, sections 500–505.

5. EMBEZZLEMENT—INFORMATION MUST ALLEGE THAT COMPANY ENTRUSTING PROPERTY TO DEFENDANT WAS CORPORATION.—Information charging that defendant embezzled automobile with which he was entrusted by the "Y. Company" *held* insufficient for failure to allege that the company was a corporation or other legal entity capable of owning property.

6. EMBEZZLEMENT—INFORMATION MUST SHOW OWNERSHIP OF PROPERTY EMBEZZLED NOT IN DEFENDANT.—An information charging embezzlement must show that ownership of property is not in the defendant, but need not positively negative ownership in defendant if name of owner together with fact of ownership is pleaded.

7. EMBEZZLEMENT — DEFENDANT NOT ENTRUSTED WITH AUTOMOBILE COULD NOT BE CONVICTED OF EMBEZZLEMENT.—A defendant who was not entrusted with an automobile by its owner could not be convicted of embezzlement, though the automobile was entrusted to a third person jointly indicted with the defendant pursuant to agreement between third person and defendant to hire car for legitimate purpose unless such agreement was disclosed to the owner, and it was entrusted to third person for the use of both.

8. EMBEZZLEMENT—LARCENY—OBTAINING POSSESSION WITH INTENT TO CONVERT IS LARCENY, NOT EMBEZZLEMENT.—One who obtained

---

2. Existence of trust in property stolen or embezzled, see note in L. R. A. 1915B, 442.

8. Questions as to distinction between larceny and embezzlement, see notes in 13 Ann. Cas. 882; 11 A. L. R. 801; 13 A. L. R. 319.

See 20 C. J., pp. 410, 420, 421, 465, 466, 469; 25 Cyc. 45.

possession of an automobile with the intention of converting it to his own use was not guilty of embezzlement; the crime in such case being larceny.

APPEAL from a judgment of the Superior Court of the County of Maricopa. M. T. Phelps, Judge. Reversed and remanded.

Mr. C. H. Young and Mr. Weldon J. Bailey, for Appellant.

Mr. John W. Murphy, Attorney General, and Mr. A. R. Lynch, Mr. Earl Anderson and Mr. E. W. McFarland, Assistant Attorneys General, for the State.

McALISTER, C. J.—Guy Phelps, appellant, and Alfred Loomis were jointly informed against for the embezzlement of a Ford touring car which was entrusted to them by the Yellow Jacket Taxi Company on the twenty-sixth day of November 1922. Appellant was tried separately, convicted and sentenced to a term in the state prison, and from this judgment of conviction and an order denying his motion for a new trial he appeals.

The charging part of the information upon which he was tried and convicted is as follows:

"The said Alfred Loomis and Guy Phelps, on or about the 3d day of December, 1922, and before the filing of this information at and in the county of Maricopa, state of Arizona, being then and there entrusted by the Yellow Jacket Taxi Company with a certain Ford touring automobile, motor No. 5491452, license No. 1–7185 (Arizona), of the value of $400, gold coin, lawful money of the United States of America, and having said Ford touring car in their possession by virtue of the said trust, did then and there willfully, unlawfully, fraudulently and feloniousy convert, embezzle and appropriate the said Ford touring car to their, the said Alfred Loomis' and Guy Phelps', own use, not in the due and lawful execution of their, the said Alfred Loomis' and Guy Phelps', said trust."

25 Ariz.—32

To this information appellant demurred generally, and also specifically upon the ground that it is insufficient and defective in that it does not show whether the alleged injured party was a person, a corporation, an individual, a partnership, a joint stock company, or an association of individuals, and therefore fails to name any entity capable of owning property which might be the subject of embezzlement, and upon the further ground that it does not name the owner of the property alleged to have been embezzled by the defendant. This demurrer was overruled, and the order of the court in this respect is the first error complained of. Does the information allege the crime of embezzlement as defined by the statute?

Chapter 6 of title 14 of the Penal Code of 1913 is entitled "Embezzlement," and the first section thereof (500) defines this offense as "the fraudulent appropriation of property by a person to whom it has been entrusted," and in the five succeeding paragraphs the different relations of trust under which it may be committed are given. In paragraph 501 the conditions and circumstances under which officers of the state, county, city, or other municipal corporation, their deputies, clerks or servants, and officers, directors, trustees, clerks, servants or agents of associations, societies or corporations may be guilty of it appear; in 502 those under which carriers and persons having under their control personal property to transport for hire may commit it are found; in 503 those under which trustees, bankers, brokers, merchants, attorneys, agents, assignees in trust, executors, administrators, collectors or persons otherwise entrusted with or having under their control property for the use of another may be guilty of it are given; in 504 those under which bailees, tenants, lodgers or persons with power of attorney for the sale or transfer of property may violate it appear; and in

505 those under which clerks, agents, or servants may transgress it are likewise found.

It would appear that only persons occupying one of the fiduciary relations mentioned in these provisions can be guilty of this offense, and that only property which reaches them by virtue of their trust can be the subject of it, because embezzlement embraces only those relations enumerated in the statute defining the offense. *State* v. *Keith,* 126 N. C. 1114, 36 S. E. 169. Under the common-law crime of larceny persons who fraudulently appropriated property which had come into their possession by virtue of a trust or fiduciary relation could not be convicted, because in that offense it was necessary that the taking be unlawful. As a result persons guilty of appropriating the property of another, which had reached them by virtue of the fiduciary relation they sustained toward the owner of that property, escaped punishment, and a desire to reach this class of offenders led to the enactment of a statute making it a crime to fraudulently appropriate such property. All the states have such statutes, and under them the individual characteristic of the crime is the fiduciary relation of the defendant. Hence, the relation by virtue of which the defendant acquires possession of the property is a necessary element of the offense, and should clearly appear in the information. "In any case it must be alleged that by virtue of a fiduciary relation the accused took into his possession the property in question" (9 R. C. L., par. 31, p. 1289), and "there is no question that the defendant's fiduciary character must be averred." *State* v. *Roubles,* 43 La. Ann. 200, 26 Am. St. Rep. 179, 9 South. 435.

In *State* v. *Ives,* 128 La. 273, Ann. Cas. 1912C, 901, 54 South. 796, the court uses this language:

"It is well settled to constitute embezzlement the accused must be occupying a fiduciary relation. It is important, under the section before cited, that the

fiduciary relation should be alleged in order that it may appear that a crime has been committed, for it is a condition that an act has been committed by an employee in one of the capacities mentioned in the section. Mr. Bishop says that, besides the formal part of the indictment, the defendant must stand in a fiduciary relation to another person named within the terms of the statute; that he was the servant, clerk, treasurer, employee in some capacity. It must further appear that by virtue of such relation the accused received the amount or property for his master or employer, and that he did embezzle the amount in one of the ways denounced by the statute.''

In a note to the case just cited found at page 903, Ann. Cas. 1912C, it is said:

''As the purpose of an embezzlement statute is to punish the violation of relations of a fiduciary character, the existence of such a relation is one of the essential elements of the crime of embezzlement. See the note to *Eggleston* v. *State,* 87 Am. St. Rep. 17, 35, 37. In view of this fact the rule is that the fiduciary relation of the accused to the prosecuting witness must appear from the indictment. *Hinds* v. *Territory,* 8 Ariz. 372, 76 Pac. 469; *Kibs* v. *People,* 81 Ill. 599; *Com.* v. *Barney,* 115 Ky. 475, 74 S. W. 181; *Farmer* v. *Com.,* 28 Ky. L. Rep. 1369, 91 S. W. 1129; *State* v. *Roubles,* 43 La. Ann. 200, 26 Am. St. Rep. 179, 9 South. 435; *State* v. *Stevenson,* 91 Me. 107, 39 Atl. 471; *Griffin* v. *State,* 4 Tex. App. 390; *McCann* v. *United States,* 2 Wyo. 274; *Wilbur* v. *Territory,* 3 Wyo. 268, 21 Pac. 698. And see the reported case. 'Proof of embezzlement will not support an indictment for larceny. It logically follows, therefore, that an indictment for larceny by embezzlement must distinguish the offense by apt averment, and the distinguishing element is the breach of some trust or confidence. That is the gist of the crime, and therefore must be charged. No authority can be found to the contrary.' *State* v. *Stevenson, supra.''

The information alleges that appellant was entrusted with the car by the Yellow Jacket Taxi Company, but does not state the relation by virtue of which this

was done. It fails either to designate the capacity by name or to give the facts from which it can be deduced, though either would have been sufficient. If it alleged that the defendant was entrusted with the car as bailee, agent or servant, or in whatever capacity that fits the situation if no one of these did, no question could arise as to which section of the statute it is based upon, or the fiduciary relation in which the car was received. This would have been in the language of the statute, and would have satisfied it. The Court of Appeals of California, in *People* v. *O'Brian,* 8 Cal. App. 641, 97 Pac. 679, used the following language in construing one of the provisions of the embezzlement statute of that state, from which Arizona's was borrowed in its entirety:

"It having been alleged in the language of the statute that the defendant received the certificate of deposit as bailee, it was not necessary for the pleader to allege the nature of the bailment, nor the particulars or circumstances thereof. As was said in *People* v. *Gordon,* 133 Cal. 328, 85 Am. St. Rep. 174, 65 Pac. 746, and affirmed in *People* v. *Goodrich,* 142 Cal. 216, 75 Pac. 796: 'The essential elements of embezzlement are the fiduciary relations arising where one entrusts property to another, and the fraudulent appropriation of the property by the latter. The origin or particulars of the relation need not be stated.' Stating that the property was entrusted to defendant as bailee sufficiently showed the creation of a fiduciary relation, and it was not necessary to allege the circumstances of the felonious conversion."

In *Storms* v. *State,* 81 Ark. 25, 98 S. W. 678, the Supreme Court of Arkansas said:

"The indictment is good. The term 'bailee' is used in the statute. Section 1839, Kirby's Dig. Alleging that a person received as a 'bailee' certain money is sufficient to advise such a person that he came into the possession of the money of another, to be held for the other for some special purpose, which special pur-

pose being accomplished, the money is to be returned or delivered over. Schouler on Bailments, § ——.''

If, however, the facts constituting the fiduciary relation in which the property was received by the accused fully appeared in the information, it would not be necessary that this particular term be used. For instance, if the facts alleged disclosed that he was entrusted with the property as ''bailee,'' the information would be sufficient regardless of the fact that the word ''bailee'' is not used, though if it and the facts both appeared the accused could not complain, because to allege the latter in addition to the former would amount merely to giving him fuller notice of the charge against him. On this proposition the Supreme Court of California, in *People* v. *Johnson,* 71 Cal. 384, 12 Pac. 261, had this to say:

''None of the cases cited seem to sustain the proposition that where the facts showing that a party charged is a 'bailee' are fully stated, and all the other facts necessary to constitute the offense are averred, an indictment is fatally defective, because he is not in terms alleged to be a 'bailee.' On principle, we can see no reason why it should be so held. If it be necessary to allege facts showing the character of the agency, it becomes a question of law rather than of fact, whether upon the averments the defendant was or was not a bailee. If not necessary to state the facts showing the character of the agency, yet it is not a matter of which the defendant can complain, if such facts are stated, and he thus given fuller notice of the charge than would be given by simply designating him as 'bailee.' ''

The only effect of alleging both would be to confine the pleader in his proof to the facts as pleaded. ''The information in the present case,'' said the court in *People* v. *Goodrich,* 142 Cal. 216, 75 Pac. 796, ''would have been sufficient without setting forth the particulars constituting the fiduciary relation. But,

having stated them, the pleader should perhaps be bound by their legal effect.''

The first ground of special demurrer is that it does not appear from the information if the Yellow Jacket Taxi Company is a corporation, an association of individuals, a joint-stock company, a partnership, or any other legal entity capable of owning property which might be the subject of embezzlement. In an information charging this offense, it is necessary to allege the felonious conversion of the property of another, because one cannot embezzle that which belongs to himself. Hence it is necessary that it appear in such an information that ownership of the property involved is not in the accused, though this rule perhaps does not go to the extent of requiring an allegation positively negativing ownership in him, but is met satisfactorily when the name of the owner together with the fact of ownership is pleaded. According to 9 Ruling Case Law, page 1291, there should appear in the information—

''the name of the person to whom the property belongs and the fact of his ownership. Unless the rule is modified by statute the allegation must be as accurate as in an indictment for larceny. No particular words, however, are necessary to denote the fact of ownership. To follow the language of the statute is ordinarily sufficient. While the terms 'of moneys of' or 'of the property,' etc., are usually employed, the words 'belonging to' have been held sufficient. Furthermore, in the case of an association, such facts must be averred as to show that the association could own property in its name. Accordingly, an allegation that the property embezzled was the property of the 'American Express Company, an association,' without alleging incorporation or such facts as would show that such company could own property by that name, has been held insufficient to sustain a conviction.''

No facts are alleged showing that the Yellow Jacket Taxi Company could own property in its

own name. If it were a corporation, this fact should have been averred, or if it were a joint-stock company, or an association of individuals, or other legal entity capable of owning property, the facts showing such to be the case should have been alleged. But nothing is pleaded from which the legal status of the Yellow Jacket Taxi Company can be determined. Discussing this proposition the Supreme Court of New Mexico, in *State* v. *Parsons*, 23 N. M. 520, 169 Pac. 475, used the following language concerning an indictment charging one with the embezzlement of money belonging to the "African Methodist Episcopal Church of the City of Santa Fé":

"In the indictment now under consideration there was nothing to show that the named owner was a corporation, association, or other legal entity, capable of owning property. This was an essential allegation under the authorities, and its absence rendered the indictment fatally defective. 22 Cyc. 351; *People* v. *Bogart*, 36 Cal. 245; *People* v. *Brander*, 244 Ill. 26, 135 Am. St. Rep. 301, 18 Ann. Cas. 341, 91 N. E. 59; *Wallace* v. *People*, 63 Ill. 451; *State* v. *Suppe*, 60 Kan. 566, 57 Pac. 107; *Nasets* v. *State* (Tex. Cr. App.), 32 S. W. 698; *Meacham* v. *State*, 45 Fla. 71, 110 Am. St. Rep. 61, 33 South. 983; *Grant* v. *State*, 35 Fla. 581, 48 Am. St. Rep. 263, 17 South. 225; *White* v. *State*, 24 Tex. App. 231, 5 Am. St. Rep. 879, 5 S. W. 857; *Calkins* v. *State*, 18 Ohio St. 366, 98 Am. Dec. 121, and note, p. 157, 2 Bishop's New Criminal Procedure, § 320."

Appellant challenges the sufficiency of the evidence to support the verdict and judgment of conviction. He and Alfred Loomis were jointly informed against, but according to the testimony the latter went to the office of the Yellow Jacket Taxi Company alone, hired the car under the name of H. De Polo, and drove it away, appellant knowing nothing about it. Harry Moody, the company representative who let Loomis take the car, testified that appellant was not there

when the car was taken out by Loomis or at any other time, so far as he knew, and that he did not let him have the car. Inasmuch, then, as appellant was not entrusted with the car by its owner, it follows that there was no contractual and consequently no fiduciary relation between them, and that the very gist of the offense of embezzlement—obtaining possession of the car in a fiduciary capacity—is lacking. And this necessary element would not be supplied if the proof conclusively showed that Loomis went for the car in pursuance of an agreement between him and appellant that they hire it for a legitimate purpose, unless it further appeared that such understanding was disclosed to the owner when the car was obtained, and that it was entrusted by him to Loomis for the use of the latter and appellant both.

If, upon the other hand, it was the intention of Loomis, at the time of obtaining possession of the car, to convert it afterwards to his own use, he did not, in fraudulently appropriating it, commit the crime of embezzlement, but was guilty of the crime of larceny, because the taking itself in that instance would have been unlawful; and if possession of the car had been obtained in pursuance of an agreement or conspiracy between him and Loomis that they hire it and then convert it to their own use, the same would have been true of appellant. "The chief distinction between larceny and embezzlement," says 9 Ruling Case Law, page 1266, "lies in the character of acquiring possession of the property. In larceny there is a trespass, and the crime involves the idea of an unlawful acquisition of the property, while in embezzlement there is a fraudulent conversion of property after its possession has been lawfully acquired." See, also, *Axtell* v. *State,* 173 Ind. 711, 91 N. E. 354; *Bivens* v. *State,* 6 Okl. Cr. 521, 120 Pac. 1033; *United States* v. *Lee* (C. C.), 12 Fed. 816; *State* v. *Baldwin,* 70 Iowa, 180, 30 N. W. 476; *State* v. *Sulli-*

*van,* 49 La. Ann. 197, 62 Am. St. Rep. 644, 21 South. 688; 20 C. J. 410, par. 3, and note 6. For these reasons it follows necessarily that under no view of the evidence can it be held that it sufficiently sustains appellant's conviction of the crime of embezzlement.

The judgment is reversed and the case remanded, with directions that any further proceedings be had in line with the views herein expressed.

ROSS and LYMAN, JJ., concur.